KLEVANSKY PIPER LLP
SIMON KLEVANSKY          3217-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:   (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com

CHUN KERR LLP,
A Limited Liability Law Partnership
ANDREW V. BEAMAN          2914-0
LEROY E. COLOMBE          3662-0
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone:  (808) 528-8200
Facsimile:   (808) 536-5869
E-Mail:    abeaman@chunkerr.com
           lcolombe@chunkerr.com

Attorneys for Plaintiff
TERA RESOURCE CO., LTD.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>Debtor and Debtor-in-possession. | Case No. 16-00636<br>(Chapter 11)<br><br>ADVERSARY PRO. NO. _____<br><br>**VERIFIED COMPLAINT; VERIFICATION** |

{00258814.8}                                      1

TERA RESOURCE CO., LTD., for
itself and in the Right of and for the
Benefit of CUZCO DEVELOPMENT
KOREA, INC. and in the Right of and
for the Benefit of CUZCO
DEVELOPMENT U.S.A., LLC,

        Plaintiff,

v.

DONG WOO LEE, an individual;
SOO KYUNG YANG, an individual;
NEWCO, LLC, a Hawaii Limited
Liability Company; JOHN DOES 1-10;
JANE DOES 1-10; DOE
PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10 and DOE
ENTITIES 1-10,

        Defendants,

and

CUZCO DEVELOPMENT U.S.A.,
LLC,

        Nominal Defendant.

---

## **VERIFIED COMPLAINT**

Comes now party-in-interest TERA RESOURCE CO., LTD. ("Tera"), for

itself and in the Right of and for the Benefit of CUZCO DEVELOPMENT

KOREA, INC. ("Cuzco Korea") and in the Right of and for the Benefit of Debtor

CUZCO DEVELOPMENT U.S.A., LLC ("Cuzco USA"), by and through its

counsel Klevansky Piper LLP and Chun Kerr LLP, for a Complaint against Cuzco

USA; DONG WOO LEE, an individual; SOO KYUNG YANG, an individual; NEWCO, LLC, a Hawaii Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10 and DOE ENTITIES 1-10, and alleges and avers as follows:

JURISDICTION

1.     The United States Bankruptcy Court for the District of Hawaii has jurisdiction over this adversary proceeding under 28 U.S.C. §§151 and 157, by reason of Cuzco USA's filing a voluntary petition for bankruptcy relief under Chapter 11 on June 20, 2016.

2.     This adversary proceeding is a core proceeding brought pursuant to 28 U.S.C. §157(b).  However Tera does not consent to the Bankruptcy Court determining claims which Tera is entitled to have determined by the United States District Court.  Accordingly, Tera asks that the reference be withdrawn and set for trial by the United States District Court before a Judge of that Court.  Tera further reserves the right to have a jury trial upon matters subject to a trial by a jury.

3.     This action seeks:  an Order and Judgment revoking the Order Confirming Debtor's Third Amended Chapter 11 Plan of Reorganization Dated as of February 10, 2017 entered February 24, 2017 [Dkt #435] (the "Confirmation Order"); a judgment against the Defendants for fraud, conspiracy and other claims, an order that Cuzco USA holds its property as a constructive Trustee for Cuzco

Korea; a preliminary injunction to maintain the status quo and enjoin Cuzco USA from transferring any of its property; and other relief as stated herein or as the Court deems just and proper.

PARTIES

4.      Tera is a Korean Corporation and is a shareholder and creditor of Cuzco Korea.

5.      Cuzco Korea is the sole member of Cuzco USA.

6.      Cuzco USA is the above-named Chapter 11 debtor-in-possession in this bankruptcy case.

7.      DONG WOO LEE ("Mr. Lee"), upon information and belief, is an individual and resident of California.  Mr. Lee has transacted business within the State of Hawaii as more specifically alleged herein.

8.      SOO KYUNG YANG ("Ms. Yang"), upon information and belief, is an individual and resident of California.  Ms. Yang has transacted business within the State of Hawaii as more specifically alleged herein.

9.      NEWCO, LLC ("NewCo"), upon information and belief, is a Hawaii Limited Liability Company, organized or to be organized under the laws of the State of Hawaii.

10.     Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10 and DOE ENTITIES 1-10

("Doe Defendants"), are individuals or entities, the names, identities, capacities and/or responsibilities of which are presently unknown to Tera, but who in some manner presently unknown to Tera have or may have participated in the conduct outlined herein. Tera has undertaken diligent and good faith efforts to ascertain the names and identities of such Doe Defendants, including its discovery requests [Dkt ##446-448, 451-453] and Motion to Compel [Dkt #503].

11.    Cuzco USA, Mr. Lee, Ms. Yang, NewCo, and the Doe Defendants are referred to collectively herein as "Defendants."

## FACTUAL ALLEGATIONS

### Cuzco Korea, Cuzco USA, and the Keeaumoku Property

12.    Tera is and was a shareholder and creditor of Cuzco Korea at all times relevant hereto. Tera brings this action for itself and derivatively on behalf of Cuzco Korea to enforce rights that Cuzco Korea may properly assert, but that it has failed to enforce. Tera fairly and adequately represents the interests of other shareholders in Cuzco Korea, who are similarly situated.

13.    Cuzco USA is and was a wholly-owned subsidiary of Cuzco Korea at all times relevant hereto. Tera brings this action for itself and derivatively on behalf of Cuzco USA to enforce rights that Cuzco USA may properly assert, but that it has failed to enforce. Tera fairly and adequately represents the interests of

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 1  Filed  04/24/17  Page 5 of 25

Cuzco Korea as the sole member of Cuzco USA, which is similarly situated in enforcing Cuzco USA's rights.

14.     This derivative action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

15.     Tera has made efforts to obtain the relief and desired action sought herein via letters to Cuzco Korea and to Mr. Lee in February 2017, but was unsuccessful.  Tera also reasonably believes that any further efforts to obtain such action without court process are futile due to the fact that Mr. Lee has acted in his own self-interest while purporting to act as the representative of both Cuzco Korea and Cuzco USA.

16.     Cuzco USA's primary asset is an approximately 3.5 acre parcel of commercial real estate located at 805 - 915 Keeaumoku Street (the "Keeaumoku Property").

17.     In connection with its purchase of the Keeaumoku Property, Cuzco USA borrowed approximately $17,000,000 from Cuzco Korea.

18.     As a result of this loan, Cuzco Korea is a creditor of Cuzco USA.

19.     After the filing of Cuzco USA's petition herein, Mr. Lee purported to convert the loan from Cuzco Korea to Cuzco USA into equity.

20.     Mr. Lee's purported conversion of Cuzco Korea's loan was ineffectual because it was unauthorized, contrary to law and the corporate

documents of Cuzco Korea and Cuzco USA, a breach of his fiduciary duty, and an ultra vires action.

21.     The current shareholders of Cuzco Korea are Tera (14.71%), Ms. Yang (50%), and Mr. Sung Hak Choi (35.29%) (collectively the "Lawful Shareholders"). In 2014, in an action by Tera against Cuzco Korea, the Seoul Central District Court found and determined that Tera was a lawful shareholder of Cuzco Korea.

22.     Ms. Yang inherited her interest in Cuzco Korea from her late husband, Doo Sup Byun ("Mr. Byun"), who committed suicide in 2013.

### Ms. Yang's Struggle for Control of Cuzco Korea

23.     In or around the summer of 2014, Ms. Yang began to struggle with Mr. Hyun Soo Jang ("Mr. Jang") and other family members and associates of her late husband (the "Byun Group"), for control over Cuzco Korea.

24.     Mr. Jang and the Byun Group purported to cause Cuzco Korea to issue 48,000 "bogus shares" of Cuzco Korea, over and above the shares owned by the Lawful Shareholders, and filed false documents with the Hawaii State Department of Commerce and Consumer Affairs in an attempt to gain control of Cuzco Korea.

25.     In response, Ms. Yang filed a lawsuit in Korea on January 21, 2015 to nullify Cuzco Korea's purported issuance of the 48,000 bogus shares ("Yang

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed  04/24/17   Page 7 of 25

Korea Action"), in part because the purported issuance of the bogus shares did not comply with or observe the preemptive rights of the Lawful Shareholders.

26.     Tera filed another lawsuit in the Seoul Central District similar to the Yang Korea Action, and the two cases were consolidated.

27.     On March 4, 2015, Ms. Yang (represented by the same attorneys who are Cuzco USA's current counsel, Choi & Ito) filed an action in the Circuit Court of the First Circuit, State of Hawaii, under Civil No. 15-1-0378-03 (JHC), seeking the appointment of a receiver to protect against the "unlawful sale of the Property" by Cuzco USA ("Yang Hawaii Action").

28.     Ms. Yang and Tera obtained a judgment from the Seoul Central District Court against Mr. Jang and the Byun Group nullifying the issuance of the bogus shares in the consolidated actions on July 24, 2015. Mr. Jang and the Byun Group appealed that judgment.

29.     Four days later, on July 28, 2015, Mr. Lee was purportedly elected the representative director of Cuzco Korea. As such, if that purported election was valid, Mr. Lee owed fiduciary duties to Tera, to Cuzco Korea, and to its creditors and shareholders.

30.     Ms. Yang also relied heavily on Mr. Lee for support and assistance, both in her dealings related to Cuzco Korea and with the care of her children.

31.     On December 18, 2015, the judgment in favor of Ms. Yang and Tera in the consolidated Yang Korea Action as affirmed.

<u>The Korean Court Orders in Favor of Tera and Against Ms. Yang</u>

32.     Ms. Yang's aforementioned court victories garnered her no real benefit because she no longer has equity in Cuzco USA, and her interests in Cuzco Korea became worthless to her due to certain orders, judgments, and decrees of the Korean Court.

33.     On April 7, 2015, the Seoul Central District Court (the "Korean Court") entered a money judgment (the "Money Judgment") in favor of Tera and against Ms. Yang because Ms. Yang's deceased husband, Mr. Byun, had embezzled funds from Tera.

34.     On April 20, 2016, the Korean Court, in aid of the Money Judgment entered a Stock Seizure Order and a Stock Sale Order in favor of Tera and against Ms. Yang's 50% interest in Cuzco Korea.

35.     On May 13, 2016, the Korean Court entered a Debt Seizure Order in favor of Tera as well, which effectively garnished the substantial debt owed from Cuzco Korea to Ms. Yang.  The Money Judgement, Stock Seizure Order, Stock Sale Order, and Debt Seizure Order are referred to collectively as the "Korean Court Orders."

36.     The Korean Court Orders effectively direct that Ms. Yang's 50% equity interest in and debts owed to her from Cuzco Korea shall inure to the benefit of Tera.

### The Scheme to Divest Tera and Cuzco Korea of Equity in the Keeaumoku Property

37.     On September 4, 2015, Mr. Jang died suddenly in Korea.

38.     Also in September 2015, Mr. Lee caused Cuzco Korea's shareholder ledger to be amended to record an additional 60,000 bogus shares.  However, Cuzco Korea again failed to comply with or observe the preemptive rights of the Lawful Shareholders, and issued said shares for less than reasonably equivalent value.

39.     On December 23, 2015, just days after the Seoul High Court affirmed the nullification of the 48,000 shares, the Byun Group entered into a collusive settlement agreement with Ms. Yang and Mr. Lee, dated December 23, 2015, under which Mr. Lee purported to purchase the 60,000 bogus shares of Cuzco Korea issued in September 2015, for approximately $30,000.  This collusive settlement agreement was required by its terms to be kept secret, and was concealed from Tera by Mr. Lee and Ms. Yang.

40.     By January 2016, when Mr. Lee realized the faulty nature of the first 60,000 bogus shares, Cuzco Korea purported to purchase another 60,000 bogus shares in Cuzco Korea, this time for $300,000.   Cuzco Korea did not receive

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed  04/24/17   Page 10 of 25

reasonably equivalent value for the 120,000 bogus shares purportedly purchased by Mr. Lee. The 120,000 bogus shares were purportedly issued by Cuzco Korea without complying with or observing Tera's preemptive rights.

41. Cuzco Korea, Mr. Lee and Ms. Yang conspired to utilize the 120,000 bogus shares to dilute Ms. Yang's and Tera's interest in Cuzco Korea and thereby negate the effect of the Korean Court Orders entered in favor of Tera.

42. However, Ms. Yang and Mr. Lee knew that the 120,000 bogus shares would never be upheld by the Korean Court, which had already set aside the prior issuance of the 48,000 bogus shares.

43. In February 2016, at a Cuzco Korea shareholder's meeting, Mr. Lee falsely represented to Cuzco Korea's shareholders, including Tera, that he would take action to protect the Keeaumoku property from the creditors of Cuzco USA. Mr. Lee caused false minutes of the meeting to be prepared falsely showing that Tera had joined in certain actions of the shareholders and that they had authorized him to sell the Keeaumoku Property. In addition, Tera was improperly blocked from voting its shares at the meeting.

44. Neither during February 2016 shareholders meeting, nor at any other time, did Mr. Lee inform Tera that he was proposing a bankruptcy plan that would transfer all of the equity in the Keeaumoku Property to a new entity that he alone

would own and control, thereby divesting Tera of all of the value of its interests in Cuzco Korea.

<u>Cuzco USA's Bankruptcy Petition and Plan</u>

45.     In the months leading up to the June 20, 2016 bankruptcy filing, Mr. Lee engaged Ms. Yang's former counsel, Choi & Ito, to assist Cuzco USA in preparation for its Chapter 11 filing herein.

46.     As of June 23, 2016, Debtor paid Choi & Ito legal fees of $270,258.87 for services benefitting Mr. Lee.

47.     On June 20, 2016, Mr. Lee directed Cuzco USA to petition for bankruptcy protection.

48.     Ms. Yang and Mr. Lee utilized the bankruptcy process for the purpose of moving Cuzco USA's sole asset, and thus all of the value in Cuzco Korea's shares, to a new entity, NewCo, to be owned and operated by Mr. Lee.

49.     Tera was not served with any of Cuzco USA's bankruptcy filings.

50.     Cuzco USA's Plan seeks to transfer the Keeaumoku Property from Cuzco USA to NewCo, a Hawaii limited liability company, to be organized, owned, and operated by Mr. Lee.

51.     NewCo purports to offer $5,000,000 as consideration for the transfer.

52.    A recent appraisal of the Keeaumoku Property and a $45,000,000 offer from a third party investor that there is approximately $20,000,000 of equity in the Keeaumoku Property.

53.    The first hearing on Cuzco USA's Plan was held on November 7, 2016.

54.    At the November 7, 2016 hearing, the Court questioned Cuzco USA's counsel regarding creditors in Korea and how they might be affected by the Plan. Cuzco USA's counsel misled the Court when he asserted that "the biggest creditor is Cuzco Korea, the parent. And the parent is on notice of the bankruptcy."

55.    What Cuzco USA's counsel did not tell the Court was that the only notice to Cuzco Korea was notice to Mr. Lee himself.

56.    On November 7, 2016, Cuzco USA's counsel also misled the Court when he stated, "The creditors, really, that are out there who have an interest in this case are all here in this courtroom." But in fact, neither Cuzco Korea nor Tera were in attendance at the November 7, 2016 hearing.

57.    At a subsequent hearing on the Plan, held November 29, 2016, Cuzco USA's counsel again misled the Court when he stated: "Cuzco Korea has been given notice of the bankruptcy. It's entitled to notice as the 100 percent owner of Cuzco USA. And the notice was sent to Cuzco Korea's Korean address. " In fact, no bankruptcy notices were ever sent to any address in Korea, and Cuzco Korea

was only listed in Debtor's bankruptcy matrix with the address associated with Mr. Lee.

58.    At another hearing on the Plan, held on January 13, 2017, Cuzco USA's counsel again misled the Court when he argued for confirmation by stating: "This is not a case where unsecured creditors or other stakeholders are complaining about the distribution proposed under the plan.  The -- and they voted to accept the plan."

59.    Cuzco USA's counsel again misled the Court when he stated that "Cuzco U.S.A.'s Chapter 11 is well known in Korea" and that that plan should be confirmed because Cuzco Korea "has not appeared in this case."

60.    The foregoing and other statements to the Court by Cuzco USA were materially false and misleading.

61.    During his deposition, taken on January 28, 2017, when asked about how the transfer of the Keeaumoku Property would affect the Lawful Shareholders of Cuzco Korea, Mr. Lee testified that Ms. Yang and another Cuzco Korea shareholder, Mr. Choi, would receive "shareholder payments."  However, no "shareholder payment" has been offered to Tera, even though Mr. Lee has admitted that Tera is a "Lawful Shareholder."  Any payment of a "shareholder payment" to Ms. Yang or Mr. Choi would be fraudulent as to Tera and the other

creditors, who have priority over the shareholders, and would improperly circumvent the Korea Court Orders.

62.     Tera learned of the Plan and its proposed transfer of the Keeaumoku Property on or about February 3, 2017, shortly before the February 13, 2017 hearing in which a plan was to be confirmed.

63.     On February 3, 2017, Tera wrote a letter to Cuzco Korea seeking information regarding the proposed transfer of the Keeaumoku Property.

64.     Having received no response to its February 3, 2017 letter, Tera then sent a letter objecting to the Plan to counsel for Cuzco USA several hours before the confirmation hearing.

65.     None of the parties appraised the Court of Tera's objection at the February 13, 2017 hearing.

66.     At the February 13, 2017 hearing, the Court, having been misled by Cuzco USA, its counsel, and Mr. Lee, found the plan to have been proposed in good faith, in part because "Cuzco Korea and its minority shareholders haven't objected to the plan, and so they're apparently content with the treatment they're going to get." Cuzco USA, its counsel, and Mr. Lee know or should have known that the Court's statement was not correct but failed to correct it or to advise the Court that Tera had in fact objected to the plan.

67.     The Court further relied upon the representations of Cuzco USA,

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed  04/24/17   Page 15 of 25

stating at the February 13, 2016 hearing that "The shareholder, Cuzco Korea, gets nothing, gets wiped out," but noting that Mr. Lee said that he "planned later on once the case is all over to give something to his fellow shareholders of Cuzco Korea, which seems to me that, arguably, at least, he's, to some extent, acting on behalf of Cuzco Korea." Again, Cuzco USA, its counsel and Mr. Lee failed to correct that misimpression.

68.     After the February 13, 2017 hearing, Mr. Lee responded to Tera's objection by denying that the true effect of the Plan was to give him Cuzco USA's sole asset.

69.     On February 24, 2017, relying on the aforementioned misrepresentations and failures to disclose, the Court entered the Confirmation Order.

## COUNT I – FRAUDULENT MISREPRESENTATIONS TO THE COURT

70.     Tera hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

71.     As outlined herein and as will be proved at trial of this matter, Cuzco USA and Mr. Lee have made misleading representations and incomplete disclosures to the parties and the Court regarding compliance with the Bankruptcy Code, notice to creditors and interested parties, and whether such creditors and interested parties objected to the Plan.

72. Cuzco USA and Mr. Lee's representations and disclosures were materially false.

73. Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were known by Cuzco USA and Mr. Lee to be false.

74. Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made without belief in their truth.

75. Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made with reckless disregard for the truth.

76. Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made to induce the Court to rely upon them.

77. Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were, in fact, relied upon by the Court.

78. As a consequence of such reliance, the Court entered the Confirmation Order.

COUNT II – FRAUD UPON THE COURT, FAILURE TO DISCLOSE

79. Tera hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

80. As outlined herein and as will be proved at trial of this matter, Cuzco USA and Mr. Lee have made misleading representations and incomplete disclosures to the parties and the Court regarding the effect of the Plan, which was

designed to personally benefit Mr. Lee and Ms. Yang and to divest Tera of its interest in derogation of the Korean Court Orders.

81.     Cuzco USA and Mr. Lee's representations and disclosures were materially false.

82.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were known by Cuzco USA and Mr. Lee to be false.

83.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made without belief in their truth.

84.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made with reckless disregard for the truth.

85.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made to induce the Court to rely upon them.

86.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were, in fact, relied upon by the Court.

87.     As a consequence of such reliance, the Court entered the Confirmation Order.

COUNT III – FRAUD AND MISREPRESENTATION AS TO TERA

88.     Tera hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed  04/24/17   Page 18 of 25

89. As outlined herein and as will be proved at trial of this matter, Defendants made representations and omissions of fact to Tera regarding Cuzco USA's bankruptcy and the Keeaumoku Property.

90. Such representations were false and such omissions tended to imply facts that were untrue.

91. The aforementioned misrepresentations and omissions were material.

92. The Defendants knew said representations were false and said omissions tended to imply facts that were false.

93. The Defendants intended that their misrepresentations and omissions would be relied upon.

94. Tera did, in fact, rely upon Defendants' misrepresentations and omissions.

95. Tera will sustain significant damages if Defendants' fraud and misrepresentation are not corrected by the Court.

COUNT IV – FRAUDULENT TRANSFER

96. Tera, for itself and derivatively on behalf of Cuzco Korea, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

97. Defendants' scheme amounts to a fraudulent transfer of the Keeaumoku Property designed and perpetrated with intent to hinder, delay, and

defraud Cuzco Korea of its creditor claim against Cuzco USA and its rightful interest in the equity of the Keeaumoku Property.

98. Tera asserts this fraudulent transfer as a derivative claim on behalf of Cuzco Korea.

99. Cuzco Korea is a creditor of Cuzco USA.

100. Defendants' scheme amounts to a fraudulent transfer of the Keeaumoku Property as the Plan seeks to transfer the Keeaumoku Property from Cuzco USA to NewCo for less than reasonably equivalent value to the detriment of Cuzco Korea and leaves Cuzco USA completely insolvent.

101. Defendants' scheme constitutes a fraud upon Cuzco Korea.

102. Cuzco Korea, and therefore Tera, will sustain significant damages if Defendants' fraudulent transfer is not corrected by the Court.

COUNT V – CONSPIRACY

103. Tera, for itself and derivatively on behalf of Cuzco Korea, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

104. Defendants have conspired together in a concerted action to divest Cuzco Korea of its creditor claim against Cuzco USA and its equity interest in the Keeaumoku Property.

105.   Defendants have planned this conspiracy for the unlawful purpose of avoiding the effect of Tera's shareholder and creditor interest in Cuzco Korea and the effect of the Korean Court Orders in favor of Tera and against Ms. Yang.

106.   Defendant's filing of this bankruptcy and proposal of the Plan, among other actions described herein, were in furtherance of this conspiracy.

107.   Defendants' conspiracy sought to damage Cuzco Korea and Tera.

COUNT VI – BREACH OF FIDUCIARY DUTY

108.   Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

109.   Mr. Lee owes fiduciary duties to Cuzco USA and Cuzco Korea as its sole member.

110.   Cuzco USA owes fiduciary duties to Cuzco Korea and to Tera as its shareholder.

111.   Ms. Yang, as a majority shareholder in Cuzco Korea, owes fiduciary duties to Tera, a minority shareholder.

112.   Mr. Lee, Cuzco USA, and Ms. Yang have breached their fiduciary duties as outlined herein.

113.   As a result of the aforementioned breaches of fiduciary duty, Cuzco Korea, Cuzco USA, and Tera have suffered or will suffer significant damages.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed  04/24/17   Page 21 of 25

## COUNT VII – CONSTRUCTIVE TRUST

114.   Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

115.   A confidential relationship exists between Cuzco USA and Mr. Lee and Cuzco Korea.

116.   Mr. Lee owes fiduciary duties to Cuzco USA and Cuzco Korea as its sole member.

117.   Cuzco USA owes fiduciary duties to Cuzco Korea and to Tera as its shareholder.

118.   Cuzco USA is the rightful owner of the Keeaumoku Property, entitled to lawful title thereto and rights of possession.

119.   Mr. Lee's duties to Cuzco USA and Cuzco Korea, as well as Cuzco USA's duties to Cuzco Korea and Tera mandate that the Keeaumoku Property be held and transferred for the benefit of only Cuzco Korea and its shareholders, including Tera.

120.   Mr. Lee made material representations and promises to Cuzco Korea and its shareholders, including Tera, that he would take action, including potential bankruptcy action, to protect the Keeaumoku property from the creditors of Cuzco USA.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed  04/24/17   Page 22 of 25

121. Cuzco Korea and Tera relied upon Mr. Lee's representations as set forth herein.

122. If Mr. Lee and Cuzco USA are allowed to transfer the Property as intended under the Plan, Mr. Lee and NewCo would be unjustly enriched.

123. As a result, Cuzco USA, and Mr. Lee as the purported representative of Cuzco USA, holds title to the Keeaumoku Property under an equitable duty to hold the Keeaumoku Property for the benefit of Cuzco Korea, the sole shareholder of Cuzco USA.

124. If the Keeaumoku Property is transferred to NewCo without payment of equivalent value, then NewCo and Mr. Lee hold the Keeaumoku Property in constructive trust for Cuzco Korea.

<u>COUNT VIII – PRELIMINARY INJUNCTION</u>

125. Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-75 as though set forth fully herein.

126. Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, is likely to succeed on the merits of the claims pled in this Verified Complaint.

127. Tera, Cuzco Korea, and Cuzco USA are likely to suffer irreparable harm in the absence of an injunction that enjoins Cuzco USA and Mr. Lee from transferring the Keeaumoku Property as provided in the Plan.

128. The balance of equities favors the granting of an injunction.

129. An injunction is in the public interest.

130. Therefore, Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, is entitled to a preliminary injunction to maintain the status quo and enjoin Cuzco USA from transferring the Keeaumoku Property except upon the further order of this Court or another court of appropriate jurisdiction.

WHEREFORE, Tera hereby prays as follows:

a. For an order and judgment revoking the Confirmation Order pursuant to 11 U.S.C. §1144;

b. For an order that Cuzco USA holds the Keeaumoku Property as constructive trustee for Cuzco Korea;

c. For an order that the Plan is in violation of H.R.S. §651C as it seeks to work a fraudulent transfer against Tera;

d. For a Preliminary Injunction enjoining Cuzco USA from transferring the Keeaumoku Property except upon the further order of this Court or another court of appropriate jurisdiction;

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 1   Filed 04/24/17   Page 24 of 25

e.  For and order and judgment awarding damages for $15,000,000 or such other an amount to be proven at trial;

f.  For an order and judgment awarding Tera its attorneys' fees and costs;

g.  For such other and further relief as this Court deems just and proper in the premises.

DATED:  Honolulu, Hawaii, April 24, 2017.

/s/ Andrew V. Beaman
ANDREW V. BEAMAN
LEROY E. COLOMBE
of Chun Kerr LLP,
a Limited Liability Law Partnership
-and-
SIMON KLEVANSKY
of Klevansky Piper LLP

Attorneys for Plaintiff
TERA RESOURCE CO., LTD.