KLEVANSKY PIPER LLP
SIMON KLEVANSKY           3217-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:   (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com

CHUN KERR LLP,
A Limited Liability Law Partnership
ANDREW V. BEAMAN         2914-0
LEROY E. COLOMBE          3662-0
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone:  (808) 528-8200
Facsimile:   (808) 536-5869
E-Mail:    abeaman@chunkerr.com
           lcolombe@chunkerr.com

Attorneys for Plaintiff
TERA RESOURCE CO., LTD.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>          Debtor and<br>          Debtor-in-<br>          possession. | Case No. 16-00636<br>(Chapter 11)<br><br>ADVERSARY PRO. NO. 17-90009<br><br><br>**FIRST AMENDED VERIFIED COMPLAINT; VERIFICATION** |

{00261281.5}                         1

TERA RESOURCE CO., LTD., for
itself and in the Right of and for the
Benefit of CUZCO DEVELOPMENT
KOREA, INC. and in the Right of and
for the Benefit of CUZCO
DEVELOPMENT U.S.A., LLC,

        Plaintiff,

v.

DONG WOO LEE, an individual;
SOO KYUNG YANG, an individual;
NEWCO, LLC, a Hawaii Limited
Liability Company; JOHN DOES 1-10;
JANE DOES 1-10; DOE
PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10 and DOE
ENTITIES 1-10,

        Defendants,

and

CUZCO DEVELOPMENT U.S.A.,
LLC,

        Nominal Defendant.

---

## FIRST AMENDED VERIFIED COMPLAINT

Comes now party-in-interest TERA RESOURCE CO., LTD. ("Tera"), for

itself and in the Right of and for the Benefit of CUZCO DEVELOPMENT

KOREA, INC. ("Cuzco Korea") and in the Right of and for the Benefit of Debtor

CUZCO DEVELOPMENT U.S.A., LLC ("Cuzco USA"), by and through its

counsel Klevansky Piper LLP and Chun Kerr LLP, for a First Amended Verified

Complaint against Cuzco USA; DONG WOO LEE, an individual; SOO KYUNG YANG, an individual; NEWCO, LLC, a Hawaii Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10 and DOE ENTITIES 1-10, and alleges and avers as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Hawaii has jurisdiction over this adversary proceeding under 28 U.S.C. §§151 and 157, by reason of Cuzco USA's filing a voluntary petition for bankruptcy relief under Chapter 11 on June 20, 2016.

2.      This adversary proceeding is a core proceeding brought pursuant to 28 U.S.C. §157(b).  However Tera does not consent to the Bankruptcy Court determining claims which Tera is entitled to have determined by the United States District Court.  Accordingly, Tera asks that the reference be withdrawn and set for trial by the United States District Court before a Judge of that Court.  Tera further reserves the right to have a jury trial upon matters subject to a trial by a jury.

3.      This action seeks:  an Order and Judgment revoking the Order Confirming Debtor's Third Amended Chapter 11 Plan of Reorganization Dated as of February 10, 2017 entered February 24, 2017 [Dkt #435] (the "Confirmation Order"); a judgment against the Defendants for fraud, conspiracy and other claims,

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 3 of 36

an order that Cuzco USA holds its property as a constructive Trustee for Cuzco Korea; a preliminary injunction to maintain the status quo and enjoin Cuzco USA from transferring any of its property; and other relief as stated herein or as the Court deems just and proper.

## PARTIES

4.    Tera is a corporation organized under the laws of the Republic of Korea, with its principal place of business in the Republic of Korea, and is a shareholder and creditor of Cuzco Korea.

5.    Cuzco Korea is a corporation organized under the laws of the Republic of Korea, with its principal place of business in the Republic of Korea, and is the sole member of Cuzco USA.

6.    Cuzco USA is a limited liability company organized under the laws of the State of Hawaii, with its principal place of business in the State of Hawaii, and is the above-named Chapter 11 debtor-in-possession in this bankruptcy case.

7.    DONG WOO LEE ("Mr. Lee"), upon information and belief, is an individual and resident of California.  Mr. Lee has transacted business within the State of Hawaii as more specifically alleged herein.

8.    SOO KYUNG YANG ("Ms. Yang"), upon information and belief, is an individual and resident of California or of the Republic of Korea.  Ms. Yang has transacted business within the State of Hawaii as more specifically alleged herein.

9. NEWCO, LLC ("NewCo"), upon information and belief, is a Hawaii Limited Liability Company, organized or to be organized under the laws of the State of Hawaii.

10. Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10 and DOE ENTITIES 1-10 ("Doe Defendants"), are individuals or entities, the names, identities, capacities and/or responsibilities of which are presently unknown to Tera, but who in some manner presently unknown to Tera have or may have participated in the conduct outlined herein. Tera has undertaken diligent and good faith efforts to ascertain the names and identities of such Doe Defendants, including its discovery requests [Dkt ##446-448, 451-453] and Motion to Compel [Dkt #503].

11. Cuzco USA, Mr. Lee, Ms. Yang, NewCo, and the Doe Defendants are referred to collectively herein as "Defendants."

12. Under Hawaii Revised Statutes §414-178, "any derivative proceeding in the right of a foreign corporation, … shall be governed by the laws of the jurisdiction of incorporation of the foreign corporation …."

13. Under Section 403(1) the Korean Commercial Code ("KCC"), "[a]ny shareholder who holds no less than 1/100 of the total outstanding shares" may file a derivative suit.

14.     Tera is and was a shareholder of Cuzco Korea holding 14.71% of the shares at all times relevant hereto.  Tera brings this action for itself and derivatively on behalf of Cuzco Korea to enforce rights that Cuzco Korea may properly assert, but that it has failed to enforce.  Tera fairly and adequately represents the interests of other shareholders in Cuzco Korea, who are similarly situated.

15.     Under Section 403(4) of the KCC a derivative action may be filed without notice "[i]f irreparable damage may be caused by the company with the lapse" of the thirty-day notice period.

16.     Tera, Cuzco USA and Cuzco Korea would be irreparably damaged with the lapse of the thirty-day notice period in Section 403 of the KCC.

17.     Under Hawaii Revised Statutes §428-1101, a "member of a limited liability company may maintain an action in the right of the company if the members or managers having authority to do so have refused to commence the action or an effort to cause those members or managers to commence the action is not likely to succeed."

18.     Cuzco USA is and was a wholly-owned subsidiary of Cuzco Korea at all times relevant hereto.  Tera brings this action derivatively on behalf of Cuzco Korea as the sole member of Cuzco USA to enforce rights that Cuzco USA may properly assert, but that it has failed to enforce.

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 7  Filed  05/02/17  Page 6 of 36

19.     This derivative action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

20.     Tera has made efforts to obtain the relief and desired action sought herein via letters to Cuzco Korea and to Mr. Lee in February 2017, but was unsuccessful.  Tera also reasonably believes that any further efforts to obtain such action without court process are futile due to the fact that Mr. Lee has acted in his own self-interest while purporting to act as the representative of both Cuzco Korea and Cuzco USA.  Further, when confronted with the self-serving nature of Mr. Lee's actions described herein, Mr. Lee has flatly denied the effect of said actions.

## FACTUAL ALLEGATIONS

### Cuzco Korea, Cuzco USA, and the Keeaumoku Property

21.     Cuzco USA's primary asset is an approximately 3.5 acre parcel of commercial real estate located at 805 - 915 Keeaumoku Street (the "Keeaumoku Property").

22.     In connection with its purchase of the Keeaumoku Property, Cuzco USA borrowed approximately $17,000,000 from Cuzco Korea.

23.     As a result of this loan, Cuzco Korea is a creditor of Cuzco USA.

24.     After the filing of Cuzco USA's petition herein, Mr. Lee purported to convert the loan from Cuzco Korea to Cuzco USA into equity.

{00261281.5}

7

25.     Mr. Lee's purported conversion of Cuzco Korea's loan was ineffectual because it was unauthorized, contrary to law and the corporate documents of Cuzco Korea and Cuzco USA, a breach of his fiduciary duty, and an ultra vires action.

26.     The current shareholders of Cuzco Korea are Tera (14.71%), Ms. Yang (50%), and Mr. Sung Hak Choi (35.29%) (collectively the "Lawful Shareholders").  In 2014, in an action by Tera against Cuzco Korea, the Seoul Central District Court found and determined that Tera was a lawful shareholder of Cuzco Korea, owning 14.71% of the issued and outstanding shares, and that judgment was final and binding upon Cuzco Korea.

27.     Mr. Lee and Cuzco USA have conceded that Tera is a lawful shareholder of Cuzco Korea holding a 14.71% interest.

28.     Ms. Yang inherited her interest in Cuzco Korea from her late husband, Doo Sup Byun ("Mr. Byun"), who died in 2013.

## Ms. Yang's Struggle for Control of Cuzco Korea

29.     In or around the summer of 2014, Ms. Yang began to struggle with Mr. Hyun Soo Jang ("Mr. Jang") and other family members and associates of her late husband (the "Byun Group"), for control over Cuzco Korea.

30.     Mr. Jang and the Byun Group purported to cause Cuzco Korea to issue what Mr. Lee described as 48,000 "bogus shares" of Cuzco Korea, over and

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 8 of 36

above the shares owned by the Lawful Shareholders, and filed false documents with the Hawaii State Department of Commerce and Consumer Affairs in an attempt to gain control of Cuzco Korea.

31.     In response, Ms. Yang filed a lawsuit in Korea on January 21, 2015 to nullify Cuzco Korea's purported issuance of what Mr. Lee admitted to be 48,000 bogus shares ("Yang Korea Action"), in part because the purported issuance of the bogus shares did not comply with or observe the preemptive rights of the Lawful Shareholders.

32.     Tera filed another lawsuit in the Seoul Central District similar to the Yang Korea Action, and the two cases were consolidated.

33.     Concurrently, Ms. Yang, in order to combat Mr. Jang's "bogus share" gambit filed suit in the Circuit Court of the First Circuit, State of Hawaii, under Civil No. 15-1-0378-03 (JHC), seeking the appointment of a receiver to protect against the "unlawful sale of the Property" by a Mr. Jang-controlled Cuzco USA ("Yang Hawaii Action").

34.     Ms. Yang obtained the appointment of a receiver in the Yang Hawaii Action on October 30, 2015.

35.     Ms. Yang and Tera obtained a judgment from the Seoul Central District Court against Mr. Jang and the Byun Group nullifying the issuance of the

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 9 of 36

bogus shares in the consolidated actions on July 24, 2015.  Mr. Jang and the Byun Group appealed that judgment.

36.  Four days later, on July 28, 2015, Mr. Lee was purportedly elected the representative director of Cuzco Korea.  As such, Mr. Lee owed fiduciary duties to Tera, to Cuzco Korea, and to its creditors and shareholders.

37.  Ms. Yang also relied heavily on Mr. Lee for support and assistance, both in her dealings related to Cuzco Korea and with the care of her children.

38.  On December 18, 2015, the judgment in favor of Ms. Yang and Tera in the consolidated Yang Korea Action as affirmed.

**The Korean Court Orders in Favor of Tera and Against Ms. Yang**

39.  Ms. Yang's aforementioned court victories garnered her no real benefit because she no longer has equity in Cuzco USA, and her interests in Cuzco Korea became worthless to her due to certain orders, judgments, and decrees of the Korean Court.

40.  As noted above, Ms. Yang inherited her interest in Cuzco Korea from her late husband, Mr. Byun.  Therefore, under Korean law, Ms. Yang's interest in Cuzco Korea is subject to Mr. Byun's liabilities.

41.  On April 7, 2015, the Seoul Central District Court (the "Korean Court") entered a money judgment (the "Money Judgment") in favor of Tera and

against Ms. Yang because Mr. Byun had embezzled more than $1,500,000.00 from Tera.

42. On April 20, 2016, the Korean Court, in aid of the Money Judgment entered a Stock Seizure Order and a Stock Sale Order in favor of Tera and against Ms. Yang's 50% interest in Cuzco Korea.

43. On May 13, 2016, the Korean Court entered a Debt Seizure Order in favor of Tera as well, which effectively garnished the substantial debt owed from Cuzco Korea to Ms. Yang. The Money Judgement, Stock Seizure Order, Stock Sale Order, and Debt Seizure Order are referred to collectively as the "Korean Court Orders."

44. The Korean Court Orders effectively direct that Ms. Yang's 50% equity interest in and debts owed to her from Cuzco Korea shall inure to the benefit of Tera.

45. Moreover, as a creditor of Cuzco Korea pursuant to the Debt Seizure Order, Tera has priority over the interests of shareholders under Korean law.

### The Scheme to Divest Tera and Cuzco Korea of Equity in the Keeaumoku Property

46. On September 4, 2015, Mr. Jang died suddenly in Korea.

47. Also in September 2015, Mr. Lee caused Cuzco Korea's shareholder ledger to be amended to record an additional 60,000 bogus shares. However, just as with the earlier issue of what Mr. Lee admitted to be 48,000 bogus shares,

Cuzco Korea again failed to comply with or observe the preemptive rights of the Lawful Shareholders, and issued said shares for less than reasonably equivalent value.

48.     On December 23, 2015, just days after the Seoul High Court affirmed the nullification of the 48,000 shares, the Byun Group entered into a collusive settlement agreement with Ms. Yang and Mr. Lee, dated December 23, 2015, under which Mr. Lee purported to purchase the 60,000 bogus shares of Cuzco Korea issued in September 2015, for approximately $30,000. This collusive settlement agreement was required by its terms to be kept secret, and was concealed from Tera by Mr. Lee and Ms. Yang.

49.     By January 2016, Cuzco Korea purported to issue another 60,000 bogus shares to Mr. Lee, this time for $300,000, again using the same procedure employed for the earlier issue of what Mr. Lee admitted were 48,000 bogus shares. Again, Cuzco Korea did not receive reasonably equivalent value for the 120,000 bogus shares purportedly purchased by Mr. Lee. The 120,000 bogus shares were purportedly issued by Cuzco Korea without complying with or observing Tera's preemptive rights.

50.     Cuzco Korea, Mr. Lee and Ms. Yang conspired to utilize the 120,000 bogus shares to dilute Ms. Yang's and Tera's interest in Cuzco Korea and thereby circumvent the Korean Court Orders entered in favor of Tera.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 12 of 36

51.     However, Ms. Yang and Mr. Lee believed that the issuance of shares by Cuzco Korea would not be upheld by the Korean Court, which had already set aside the prior issuance of the 48,000 bogus shares under similar circumstances.

52.     In February 2016, at a Cuzco Korea shareholder's meeting, Mr. Lee falsely represented to Cuzco Korea's shareholders, including Tera, that he would take action to protect the Keeaumoku property from the creditors of Cuzco USA. Mr. Lee caused false minutes of the meeting to be prepared falsely showing that Tera had joined in certain actions of the shareholders and that they had authorized him to sell the Keeaumoku Property.  In addition, Tera was improperly blocked from voting its shares at the meeting.

53.     Neither during February 2016 shareholders meeting, nor at any other time, did Mr. Lee inform Tera that he was proposing a bankruptcy plan that would transfer all of the equity in the Keeaumoku Property to a new entity that he alone would own and control, thereby divesting Tera of all of the value of its interests in Cuzco Korea.

### Cuzco USA's Bankruptcy Petition and Plan

54.     In the months leading up to the June 20, 2016 bankruptcy filing, Mr. Lee engaged Ms. Yang's former counsel, Choi & Ito, to assist Cuzco USA in preparation for its Chapter 11 filing herein.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 13 of 36

55.     As of June 23, 2016, Debtor paid Choi & Ito legal fees of $270,258.87 for services benefitting Mr. Lee.

56.     On June 20, 2016, Mr. Lee directed Cuzco USA to petition for bankruptcy protection.

57.     Ms. Yang and Mr. Lee utilized the bankruptcy process for the purpose of moving Cuzco USA's sole asset, and thus all of the value in Cuzco Korea's shares, to a new entity, NewCo, to be owned and operated by Mr. Lee.

58.     Tera was not served with any of Cuzco USA's bankruptcy filings.

59.     Cuzco USA's Plan seeks to transfer the Keeaumoku Property from Cuzco USA to NewCo, a Hawaii limited liability company, to be organized, owned, and operated by Mr. Lee.

60.     Mr. Lee, through NewCo, purports to offer $5,000,000 as consideration for the transfer.

61.     A recent appraisal of the Keeaumoku Property and a $45,000,000 offer from a third party investor that there is approximately $20,000,000 of equity in the Keeaumoku Property.

62.     The first hearing on Cuzco USA's Plan was held on November 7, 2016.

63.     At the November 7, 2016 hearing, the Court questioned Cuzco USA's counsel regarding creditors in Korea and how they might be affected by the Plan.

Cuzco USA's counsel misled the Court when he asserted that "the biggest creditor is Cuzco Korea, the parent. And the parent is on notice of the bankruptcy."

64.    What Cuzco USA's counsel did not tell the Court was that the only notice to Cuzco Korea was notice to Mr. Lee himself.

65.    On November 7, 2016, Cuzco USA's counsel also misled the Court when he stated, "The creditors, really, that are out there who have an interest in this case are all here in this courtroom."  But in fact, neither Cuzco Korea nor Tera were in attendance at the November 7, 2016 hearing.

66.    At a subsequent hearing on the Plan, held November 29, 2016, Cuzco USA's counsel again misled the Court when he stated:  "Cuzco Korea has been given notice of the bankruptcy.  It's entitled to notice as the 100 percent owner of Cuzco USA.  And the notice was sent to Cuzco Korea's Korean address."  In fact, no bankruptcy notices were ever sent to any address in Korea, and Cuzco Korea was only listed in Debtor's bankruptcy matrix with the address associated with Mr. Lee.

67.    On January 9, 2017, Cuzco USA submitted the Declaration of Mr. Lee, containing some 44 pages of testimony, along with 63 exhibits.  This material was submitted in support of Cuzco USA's request to the Court to approve the Plan. This Declaration and its attached exhibits contained numerous misstatements,

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 15 of 36

misleading statements, and incomplete disclosures, including, without limitation, the following:

a.     In paragraph 97 of the Declaration, and at Exhibit 32 attached thereto, Cuzco USA and Mr. Lee represent that he is the Representative Director from July 28, 2015.

b.     Per paragraph 138 of the Declaration, and at Exhibit 45 attached thereto, Cuzco USA and Mr. Lee present the December 23, 2015 agreement with "certain Illegal Directors" without disclosing that this particular agreement allowed Mr. Lee to purchase a purported 60,000 "bogus" shares of Cuzco Korea, and without disclosing that this agreement was kept secret from Lawful Shareholder Tera.

c.     At paragraph 148 of the Declaration, Mr. Lee testifies as to the minutes of an annual general meeting of the shareholders of Cuzco Korea, held on February 23, 2016 (Exhibit 54 to the Declaration), which minutes are fraudulent in that:  (1) they reflect that there is a legitimate dispute regarding ownership of the Tera's shares in Cuzco Korea, when no such dispute existed; (2) they do not fully reflect the discussion at the meeting; and (3) they recite that 140,000 shares were held by shareholders present at the meeting, which is incorrect since that number of shares could not have been issued without violating the existing shareholders' (including Tera's) preemptive rights.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 16 of 36

68. Mr. Lee's declarations and its exhibits, taken as a whole, convey the impression that Tera, as a Lawful Shareholder, has been given adequate notice of the Plan and is not opposed to the Plan despite the fact that the Plan destroys Tera's equity interest in Cuzco Korea while personally benefitting Mr. Lee.

69. At a hearing on the Plan, held on January 13, 2017, Cuzco USA's counsel misled the Court when he argued for confirmation by stating: "This is not a case where unsecured creditors or other stakeholders are complaining about the distribution proposed under the plan. The -- and they voted to accept the plan."

70. Cuzco USA's counsel again misled the Court when he stated that "Cuzco U.S.A.'s Chapter 11 is well known in Korea" and that the Plan should be confirmed because Cuzco Korea "has not appeared in this case."

71. During his deposition, taken on January 28, 2017, Mr. Lee made numerous misstatements and/or failed to disclose material information, including without limitation, the following:

a. When asked about potential payments to shareholders of Cuzco Korea after the transfer of the Keeaumoku Property under the Plan, Mr. Lee testified that Ms. Yang and another Cuzco Korea shareholder, Mr. Choi, would receive "shareholder benefits." However, no "shareholder benefits" have been offered to Tera, even though Mr. Lee has admitted that Tera is a "Lawful Shareholder." Any payment of "shareholder benefits" to Ms. Yang or Mr. Choi

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 7  Filed 05/02/17  Page 17 of 36

would be fraudulent as to Tera and the other creditors, who have priority over the shareholders, and would improperly circumvent the Korea Court Orders.

b. Mr. Lee testified that he became a shareholder of Cuzco Korea "under Cuzco shareholders 100% agreement." This is false, as Tera never agreed to Mr. Lee becoming a shareholder.

c. Mr. Lee testified that, at the February 2016 annual shareholder meeting, the shareholders of Cuzco Korea "100% unanimously agreed" to issue 60,000 additional shares to Mr. Lee. This is false, since Tera never agreed to issuance of the additional shares to Mr. Lee.

d. Mr. Lee testified that he considered how to provide a return to Cuzco's equity holders and that "after the bankruptcy is over . . . I will discuss with the rest of the shareholders [whether] to develop the property or not." This is false, since Cuzco's equity holders will be wiped out if the Plan is implemented.

e. Mr. Lee testified in his deposition regarding purported debts owed to Cuzco USA from Ms. Yang. Exhibit 19 to his deposition includes purported invoices that he claims evidence such debts. Tera believes that some, if not all, of the alleged debts are not legitimate charges to Ms. Yang from Cuzco USA. However, if they are legitimate charges, Cuzco USA had an obligation to list them as assets on its bankruptcy schedules and administer those assets. If they are illegitimate, they further evidence Mr. Lee's fraudulent conduct.

72.     Tera learned of the Plan and its proposed transfer of the Keeaumoku Property on or about February 3, 2017, shortly before the February 13, 2017 hearing in which the Plan was to be confirmed.

73.     On February 3, 2017, Tera wrote a letter to Cuzco Korea seeking information regarding the proposed transfer of the Keeaumoku Property.

74.     Having received no response to its February 3, 2017 letter, Tera then sent a letter objecting to the Plan to counsel for Cuzco USA several hours before the confirmation hearing.

75.     None of the parties appraised the Court, at the February 13, 2017 hearing, of Tera's objection.

76.     The foregoing misstatements and non-disclosures, among others made to the Court by Cuzco USA, were materially false and misleading.

77.     At the February 13, 2017 hearing, the Court (having been misled by Cuzco USA, its counsel, and Mr. Lee) found the Plan to have been proposed in good faith, in part because "Cuzco Korea and its minority shareholders haven't objected to the plan, and so they're apparently content with the treatment they're going to get."  Cuzco USA, its counsel, and Mr. Lee knew or should have known that the Court's statement was not correct but failed to correct it or to advise the Court that Tera had in fact objected to the Plan.

78.     The Court further relied upon the representations of Cuzco USA,

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 7  Filed  05/02/17  Page 19 of 36

stating at the February 13, 2017 hearing that "The shareholder, Cuzco Korea, gets nothing, gets wiped out," but noting that Mr. Lee said that he "planned later on once the case is all over to give something to his fellow shareholders of Cuzco Korea, which seems to me that, arguably, at least, he's, to some extent, acting on behalf of Cuzco Korea." Again, Cuzco USA, its counsel and Mr. Lee failed to correct that misimpression.

79.    After the February 13, 2017 hearing, Mr. Lee responded to Tera's objection by denying that the true effect of the Plan was to give him Cuzco USA's sole asset.

80.    On February 24, 2017, relying on the aforementioned misrepresentations and failures to disclose, the Court entered the Confirmation Order. Indeed, the Court expressly stated that it had relied on the representations of counsel, the Declaration of Mr. Lee and exhibits thereto, and Mr. Lee's deposition testimony -- which were false, misleading, and/or failed to disclose material information, as described above.

81.    The Court's reliance on the misrepresentations and incomplete disclosures of Mr. Lee, the Debtor, and Debtor's counsel is further demonstrated by the Findings of Fact and Conclusions of Law [Dkt #434] that are incorporated by reference in the Confirmation Order [Dkt #435] and which are not supportable

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 20 of 36

on the fuller record developed in this case since the time the Confirmation Order was entered, including, without limitation:

## FINDINGS OF FACT

3. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a) of the Bankruptcy Code ....

5. On December 13, 2016, the Debtor filed its First Amended Plan of Reorganization dated as of December 5, 2016 ("First Amended Plan") and the First Amended Disclosure Statement to the First Amended Plan. The First Amended Plan contained primarily typographical changes and also provided that NewCo shall be deemed a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

33. The Equity Interests in the Debtor held by Cuzco Korea (Class 7) will be extinguished under the Plan. Class 7 is deemed to have rejected the Plan, pursuant to Section 1126(g) of the Bankruptcy Code. Cuzco Korea has not appeared or participated in this Case even though it has received notice of the Case.

41. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

45. The Debtor exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan including, without limitation, the domestication of NewCo.

46. The Plan was negotiated, proposed and entered into by the Debtor without collusion, in good faith, and from arm's-length bargaining positions.

47. All of the Debtor's assets including but not limited to the Keeaumoku Property may be transferred to NewCo free and clear of any interest therein because Section 363(f)(1) and (4) of the Bankruptcy Code have been satisfied insofar as Secured Creditors D-Day and the City and County of Honolulu have consented to the Plan (and the transfers contemplated therein).

48. NewCo is a good faith purchaser of the Debtor's assets under Section

50. The Plan therefore satisfies Section 1123(a)(5) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

6. In determining that the Plan was proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan, including but not limited to the Declarations of Dong Woo Lee and the transcript of Mr. Lee's interpreted deposition.

7. The good faith of the Debtor is evident from the facts and records of this Case, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in this Case.

8. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate, to effectuate a successful reorganization of the Debtor and to treat creditors fairly in accordance with their legal entitlements.

12. The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code. The identity of the individual who will serve as manager of NewCo as of the Effective Date has been fully disclosed. The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by NewCo after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 22 of 36

14. The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses provided in the Disclosure Statement as amended (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that Holder would receive or retain if each Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date. Had this Case been one under Chapter 7 of the Code, the holders of allowed claims would have received a payment, potentially a little early than under the Plan. The delay in receipt of payment under the Plan (as compared to a potential distribution under a chapter 7 liquidation) is relatively short.

The foregoing findings of fact and conclusions of law, among others, are inaccurate and/or not supported by the record, and were procured by fraud on the part of Cuzco USA, Mr. Lee, and Cuzco USA's counsel.

## COUNT I – FRAUDULENT MISREPRESENTATIONS TO THE COURT (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

82. Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

83. As outlined herein and as will be proved at trial of this matter, Cuzco USA and Mr. Lee have made misleading representations and incomplete disclosures to the parties and the Court regarding compliance with the Bankruptcy Code, notice to creditors and interested parties, and whether such creditors and interested parties objected to the Plan.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 23 of 36

84.     Cuzco USA and Mr. Lee's representations and disclosures were materially false.

85.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were known by Cuzco USA and Mr. Lee to be false.

86.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made without belief in their truth.

87.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made with reckless disregard for the truth.

88.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made to induce the Court to rely upon them.

89.     Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were, in fact, relied upon by the Court.

90.     As a consequence of such reliance, the Court entered the Confirmation Order.

## COUNT II – FRAUD UPON THE COURT, FAILURE TO DISCLOSE (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

91.     Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

92.     As outlined herein and as will be proved at trial of this matter, Cuzco USA and Mr. Lee have made misleading representations and incomplete

disclosures to the parties and the Court regarding the effect of the Plan, which was designed to personally benefit Mr. Lee and Ms. Yang and to divest Tera of its interest in derogation of the Korean Court Orders.

93.　Cuzco USA and Mr. Lee's representations and disclosures were materially false.

94.　Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were known by Cuzco USA and Mr. Lee to be false.

95.　Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made without belief in their truth.

96.　Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made with reckless disregard for the truth.

97.　Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were made to induce the Court to rely upon them.

98.　Cuzco USA and Mr. Lee's misrepresentations and incomplete disclosures were, in fact, relied upon by the Court.

99.　As a consequence of such reliance, the Court entered the Confirmation Order.

## COUNT III – FRAUD AND MISREPRESENTATION (ON BEHALF OF TERA)

100.　Tera hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

U.S. Bankruptcy Court - Hawaii　#17-90009　Dkt # 7　Filed　05/02/17　Page 25 of 36

101.   As outlined herein and as will be proved at trial of this matter, Defendants made representations and omissions of fact to Tera regarding Cuzco USA's bankruptcy and the Keeaumoku Property.

102.   Such representations were false and such omissions tended to imply facts that were untrue.

103.   The aforementioned misrepresentations and omissions were material.

104.   The Defendants knew said representations were false and said omissions tended to imply facts that were false.

105.   The Defendants intended that their misrepresentations and omissions would be relied upon.

106.   Tera did, in fact, rely upon Defendants' misrepresentations and omissions.

107.   Tera will sustain significant damages if Defendants' fraud and misrepresentation are not corrected by the Court.

108.   Therefore, pursuant to both Hawaii and Korean law, Defendants are liable to Tera for fraud and misrepresentation.

## COUNT IV – FRAUDULENT TRANSFER
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

109.   Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

110.   Defendants' scheme amounts to a fraudulent transfer of the Keeaumoku Property designed and perpetrated with intent to hinder, delay, and defraud Cuzco Korea of its creditor claim against Cuzco USA and its rightful interest in the equity of the Keeaumoku Property.

111.   Tera asserts this fraudulent transfer as a derivative claim on behalf of Cuzco Korea.

112.   Cuzco Korea is a creditor of Cuzco USA.

113.   Defendants' scheme amounts to a fraudulent transfer of the Keeaumoku Property as the Plan seeks to transfer the Keeaumoku Property from Cuzco USA to NewCo for less than reasonably equivalent value to the detriment of Cuzco Korea and leaves Cuzco USA completely insolvent.

114.   Defendants' scheme constitutes a fraud upon Cuzco Korea.

115.   Cuzco Korea, and therefore Tera, will sustain significant damages if Defendants' fraudulent transfer is not corrected by the Court.

## COUNT V – CONSPIRACY
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

116.   Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 27 of 36

117. Defendants have conspired together in a concerted action to divest Cuzco Korea of its creditor claim against Cuzco USA and its equity interest in the Keeaumoku Property.

118. Defendants have planned this conspiracy for the unlawful purpose of avoiding the effect of Tera's shareholder and creditor interest in Cuzco Korea and the effect of the Korean Court Orders in favor of Tera and against Ms. Yang.

119. Defendant's filing of this bankruptcy and proposal of the Plan, among other actions described herein, were in furtherance of this conspiracy.

120. Defendants' conspiracy sought to damage Cuzco Korea and Tera.

## COUNT VI – BREACH OF FIDUCIARY DUTY
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

121. Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

122. Pursuant to both Hawaii and Korean law, Mr. Lee owes fiduciary duties to Cuzco USA and Cuzco Korea as its sole member.

123. Pursuant to both Hawaii and Korean law, Cuzco USA owes fiduciary duties to Cuzco Korea and to Tera as its shareholder.

124. Pursuant to both Hawaii and Korean law, Ms. Yang, as a majority shareholder in Cuzco Korea, owes fiduciary duties to Tera, a minority shareholder.

{00261281.5}

125. Mr. Lee, Cuzco USA, and Ms. Yang have breached their fiduciary duties as outlined herein.

126. As a result of the aforementioned breaches of fiduciary duty, Cuzco Korea, Cuzco USA, and Tera have suffered or will suffer significant damages.

## COUNT VII – UNJUST ENRICHMENT
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

127. Tera, derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

128. Defendants, without approval or authority, have taken control of and assumed ownership of the Keeaumoku Property and other assets of Cuzco USA.

129. Defendants, without approval or authority, have engaged in actions to sell, transfer, or otherwise dispose of the Keeaumoku Property and other assets of Cuzco USA for their sole benefit.

130. The aforementioned conduct of Defendants, if no corrected by this Court, has or will enrich Defendants.

131. It would be unjust for Defendants to retain the Keeaumoku Property and other assets of Cuzco USA.

132. As a proximate result of the activities of Defendants described herein, Tera, for itself and through Cuzco Korea and Cuzco USA, has been damages in an amount to be proven at trial or other hearing of this matter.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 29 of 36

## COUNT VIII – CONVERSION
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

133.   Tera, derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

134.   Defendants, without approval or authority, have taken control of and assumed ownership of the Keeaumoku Property and other assets of Cuzco USA.

135.   Defendants, without approval or authority, have engaged in actions to sell, transfer, or otherwise dispose of the Keeaumoku Property and other assets of Cuzco USA for their sole benefit.

136.   As a proximate result of the activities of Defendants described herein, Tera, for itself and through Cuzco Korea and Cuzco USA, has been damages in an amount to be proven at trial or other hearing of this matter.

## COUNT IX – CONSTRUCTIVE TRUST
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

137.   Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

138.   A confidential relationship exists between Cuzco USA and Mr. Lee and Cuzco Korea.

139.   Mr. Lee owes fiduciary duties to Cuzco USA and Cuzco Korea as its

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 30 of 36

sole member.

140.   Cuzco USA owes fiduciary duties to Cuzco Korea and to Tera as its shareholder.

141.   Cuzco USA is the rightful owner of the Keeaumoku Property, entitled to lawful title thereto and rights of possession.

142.   Mr. Lee's duties to Cuzco USA and Cuzco Korea, as well as Cuzco USA's duties to Cuzco Korea and Tera mandate that the Keeaumoku Property be held and transferred for the benefit of only Cuzco Korea and its shareholders, including Tera.

143.   Mr. Lee made material representations and promises to Cuzco Korea and its shareholders, including Tera, that he would take action, including potential bankruptcy action, to protect the Keeaumoku property from the creditors of Cuzco USA.

144.   Cuzco Korea and Tera relied upon Mr. Lee's representations as set forth herein.

145.   If the Keeaumoku Property is transferred as provided under the Plan, then Mr. Lee and NewCo would receive the Keeaumoku Property under unjust circumstances and would thereby be unjustly enriched.

146.   As a result, Cuzco USA, and Mr. Lee as the purported representative of Cuzco USA, holds title to the Keeaumoku Property under an equitable duty to

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 31 of 36

hold the Keeaumoku Property for the benefit of Cuzco Korea, the sole shareholder of Cuzco USA.

147.  If the Keeaumoku Property is transferred to NewCo without payment of equivalent value, then NewCo and Mr. Lee hold the Keeaumoku Property in constructive trust for Cuzco Korea.

## COUNT X – PRELIMINARY INJUNCTION
## (ON BEHALF OF TERA, CUZCO KOREA AND CUZCO USA)

148.  Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates by reference the allegations contained in paragraphs 1-81 as though set forth fully herein.

149.  Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, is likely to succeed on the merits of the claims pled in this Verified Complaint.

150.  Tera, Cuzco Korea, and Cuzco USA are likely to suffer irreparable harm in the absence of an injunction that enjoins Cuzco USA and Mr. Lee from transferring the Keeaumoku Property as provided in the Plan.

151.  The balance of equities favors the granting of an injunction.

152.  An injunction is in the public interest.

153.  Therefore, Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, is entitled to a preliminary injunction to maintain the status quo

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 32 of 36

and enjoin Cuzco USA from transferring the Keeaumoku Property except upon the further order of this Court or another court of appropriate jurisdiction.

WHEREFORE, Tera hereby prays as follows:

a.    For an order and judgment revoking the Confirmation Order pursuant to 11 U.S.C. §1144;

b.    For an order that Cuzco USA holds the Keeaumoku Property as constructive trustee for Cuzco Korea;

c.    For an order that the Plan is in violation of H.R.S. §651C as it seeks to work a fraudulent transfer against Tera;

d.    For a Preliminary Injunction enjoining Cuzco USA from transferring the Keeaumoku Property except upon the further order of this Court or another court of appropriate jurisdiction;

e.    For and order and judgment awarding damages for $15,000,000 or such other an amount to be proven at trial;

f.    For an order and judgment awarding Tera its attorneys' fees and costs;

g.    For such other and further relief as this Court deems just and proper in the premises.

DATED:  Honolulu, Hawaii, May 2, 2017.

/s/ Andrew V. Beaman
ANDREW V. BEAMAN
LEROY E. COLOMBE
of Chun Kerr LLP,
a Limited Liability Law Partnership
                -and-
SIMON KLEVANSKY
of Klevansky Piper LLP

Attorneys for Plaintiff
TERA RESOURCE CO., LTD.

{00261281.5}

34

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

In re

CUZCO DEVELOPMENT U.S.A., LLC,

        Debtor and Debtor-in-possession.

Case No. 16-00636
(Chapter 11)

ADVERSARY PRO. NO. 17-90009

**VERIFICATION**

---

TERA RESOURCE CO., LTD., for itself and in the Right of and for the Benefit of CUZCO DEVELOPMENT KOREA, INC. and in the Right of and for the Benefit of CUZCO DEVELOPMENT U.S.A., LLC,

        Plaintiff,

    v.

DONG WOO LEE, an individual; SOO KYUNG YANG, an individual; NEWCO, LLC, a Hawaii Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10 and DOE ENTITIES 1-10,

        Defendants,

   and

CUZCO DEVELOPMENT U.S.A., LLC,

        Nominal Defendant.

{00261281.4}

35

# VERIFICATION

1.     I am RICK CHO, the Chairman of TERA RESOURCE CO., LTD., the Plaintiff in the foregoing First Amended Verified Complaint. I make this declaration upon personal knowledge.

2.     I have read the First Amended Verified Complaint and authorized its filing. Based on my personal knowledge and my and my counsel's investigation, I hereby verify that the contents of the First Amended Verified Complaint are true and correct to the best of my knowledge, information and belief.

3.     I, RICK CHO, do declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, May 1, 2017.

RICK CHO

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 7   Filed  05/02/17   Page 36 of 36