Date Signed:
March 20, 2018



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 16-00636 |
|---|---|
| CUZCO DEVELOPMENT U.S.A., LLC, | Chapter 11 |
| Debtor. | |
| TERA RESOURCE CO., LTD., etc. | Adv. Pro. No. 17-90009 |
| Plaintiff, | |
| vs. | |
| DONG WOO LEE, et al., | |
| Defendants. | Related Dkt. No. 62 and 65 |

MEMORANDUM OF DECISION ON
MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants Dong Woo Lee, Cuzco Development U.S.A., LLC ("Cuzco USA"),

Newco, LLC ("Newco"), and Cuzco Development Korea, Inc. ("Cuzco Korea")

moved to dismiss the Second Amended Verified Complaint filed on July 18, 2017, by plaintiff Tera Resource Co., Ltd. ("Tera").[1] A hearing was held on September 15, 2017. Appearances were made by Chuck C. Choi, Esq., for Cuzco USA; John Rhee, Esq., for Dong Woo Lee, Cuzco USA and Newco; and Simon Klevansky, Esq. and David Nakashima, Esq., for Tera. The matter was taken under advisement pending additional briefing of the issues by the parties.

I will grant the motion in part, to the extent set forth below.

## I. FACTS

Cuzco USA is the debtor in this chapter 11 proceeding. It is a Hawaii limited liability company that owns real property on Keeaumoku Street in Honolulu (the "Keeaumoku Property"). Cuzco Korea is a Korean corporation that is the sole member of Cuzco USA. Defendant Dong Woo Lee claims to be the manager of Cuzco USA and the representative director of Cuzco Korea. Defendant Soo Kyung Yang is a shareholder and creditor of Cuzco Korea and an ally of Mr. Lee.

Cuzco USA proposed, and the court confirmed, a Third Amended Plan of Reorganization. Briefly summarized, the Third Amended Plan provided that Cuzco USA would transfer the Keeaumoku Property to Newco, a Hawaii limited liability company of which Mr. Lee is the sole member, that Newco would attempt to raise enough money through a refinancing to repay all of Cuzco USA's creditors in full, and

---

[1] Dkt. 62.

U.S. Bankruptcy Court - Hawaii #17-90009 Dkt # 90 Filed 03/20/18 Page 2 of 19

that if the refinancing did not occur by a date certain, Newco would sell the Keeaumoku Property at auction and distribute the proceeds to Cuzco USA's creditors.

Tera and others filed timely motions for reconsideration of the order confirming the Third Amended Plan. Tera is a shareholder of Cuzco Korea. It also holds a judgment, entered by a Korean court, against Ms. Yang, and orders from a Korean court that, according to Tera, resulted in the seizure of Ms. Yang's interests in and claims against Cuzco Korea. Tera argued (among other things) that the Third Amended Plan was the product of a fraudulent scheme by Mr. Lee, Ms. Yang, and others to divert the equity in Cuzco USA from Cuzco Korea to themselves and to render Tera's interests in Cuzco Korea worthless.

While the motions for reconsideration were pending, Cuzco USA moved to modify the Third Amended Plan and replaced it with a Fourth Amended Plan. Briefly summarized, the Fourth Amended Plan eliminates the transfer of the Keeaumoku Property to Newco; instead, Cuzco USA will retain the property and either refinance it or sell it at auction. Tera and others vigorously objected to plan confirmation on multiple grounds, including those stated in the motion for reconsideration. The court confirmed the Fourth Amended Plan.

In the meantime, Tera filed the complaint, the second amended version of which is before me now. Tera asserts claims directly, derivatively on behalf of Cuzco Korea, and "double-derivatively" on behalf of Cuzco USA. Very briefly summarized,

U.S. Bankruptcy Court - Hawaii    #17-90009    Dkt # 90    Filed 03/20/18    Page 3 of 19

Tera alleges on behalf of itself, Cuzco Korea, and Cuzco USA, that Cuzco USA and Mr. Lee committed fraud on the court (Counts I and II), that the corporate veil between Cuzco USA and Cuzco Korea should be pierced (Count III), that the defendants defrauded Tera in various respects (Count IV), that the defendants conspired to strip Cuzco Korea's creditor claims and interests in Cuzco USA for the purpose of injuring Tera, Cuzco Korea, and Cuzco USA (Count V), that the defendants breached fiduciary duties to Tera, Cuzco Korea, and Cuzco USA (Count VI), that the defendants engaged in actions to convert the Keeaumoku Property (Count VII), and that the defendants are liable for unjust enrichment (Count VIII). Tera also seeks recognition of its foreign money judgment against Ms. Yang (Count IX), enforcement of the judgment (Counts X and XI), an injunction restraining Cuzco USA, Ms. Yang, and Mr. Lee from transferring assets (Counts XII and XIII), the imposition of a constructive trust on the Keeaumoku Property (Count XIV), the appointment of a receiver for the Keeaumoku Property (Count XV), and the recovery of attorneys' fees and costs (Count XVI).

All defendants (other than Ms. Yang, who has not been served) moved the court to dismiss the complaint.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed 03/20/18   Page 4 of 19

## II. LEGAL STANDARD

The moving defendants argue that the court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6), which apply to this adversary proceeding by virtue of Fed. R. Bankr. P. 7012.[2]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] A formulaic recitation of the elements of a cause of action does not suffice.[4] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] Plausibility is more than "sheer possibility."[6] Furthermore, when ruling on a motion to dismiss, the court "must accept as true all the factual allegations contained in the complaint."[7]

The motion to dismiss relies on attached exhibits. "In ruling on a 12(b)(6)

---

[2] The motion does not challenge the bankruptcy court's personal jurisdiction, the sufficiency of service or process, or venue. Therefore, the moving defendants have waived these defenses. Fed. R. Civ. P. 12(h)(1), made applicable by Fed. R. Bankr. P. 7012.

[3] *Compton v Countrywide Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014) (internal quote marks omitted).

[4] *Id.* (quoting *Bell Atl. v. Corp. v. Twombly* (550 U.S. 544, 570 (2007)).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted).

[6] *Id.*

[7] *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007) citing *Twombly*, 550 U.S. 544 at 555-556.

motion, a court may generally consider only the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[8] If outside matters are presented to the court on a rule 12(b)(6) motion, and the court does not exclude them, the court must treat the motion to dismiss as a motion for summary judgment,[9] unless the court does not rely on the outside matters in reaching its conclusion, or if documents were purposely omitted to prevent a plaintiff from overcoming a rule 12(b)(6) motion and the authenticity of the documents has not been controverted.[10] I have not relied on any of the exhibits attached to the motion (other than papers in this court's files) in reaching this decision.

## III. DISCUSSION

The motion makes four principal arguments, all of which I will address. I will also address issues that I raised at the hearing on the motion that bear on the court's subject matter jurisdiction.

In their post-hearing memorandum, the defendants make additional arguments

---

[8] *Bates v. Bankers Life and Cas. Co.*, 993 F.Supp.2d 1318, 1327-28 (D. Or. 2014) citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[9] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Rule 7012(d).

[10] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Kearns v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997).

6

for dismissal. Those arguments may have merit but I will not consider them because Tera did not have an opportunity to respond.

### A. Fraud on the Court Claims

The defendants argue that Tera's fraud on the court claims (Counts I and II) are "not actionable." Tera argues that, by the time the court confirmed the Fourth Amended Plan, Tera had vigorously and repeatedly laid out all of the ways in which it contends that Mr. Lee, Cuzco Korea, and Cuzco USA lied about the effect of the plan. Tera responds that, "The Fourth Amended Plan is a modification of the Third Amended Plan and relies on the submissions in support of the Third Amended Plan. As such, the Fourth Amended Plan was procured through the same fraud on the Court as the Third Amended Plan."[11]

Under section 1144, the court may revoke an order confirming a chapter 11 plan "if and only if such order was procured through fraud." For purposes of this section, fraud has its usual common law meaning: fraud exists if "(1) . . . the debtor made a representation regarding . . . compliance with the Code which was materially false; (2) . . . the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) . . . the representation was made to induce the court to rely upon it; (4) the court

---

[11] Dkt. 67 at 15.

did rely upon it; and (5) . . . as a consequence of such reliance, the court entered the confirmation order."[12]

The complaint does not plausibly allege that confirmation of the Third Amended Plan was procured through fraud. In the first place, the court had Tera's evidence and contentions before it, when it confirmed the Fourth Amended Plan. Tera repeatedly made the same claims of fraud on the court, when it sought reconsideration of the order confirming the Third Amended Plan[13] and objected to confirmation of the Fourth Amended Plan.[14] Tera believes the court erred and appealed the plan confirmation order.[15] But there is no basis for a claim that confirmation of the Fourth Amended Plan was procured through fraud; the court reviewed both Tera's and Cuzco USA's versions of the facts and selected the one which it found believable.

Second, the Fourth Amended Plan eliminates the provisions that Tera alleges were part of the fraudulent scheme. In a nutshell, Tera claims that Mr. Lee, Ms. Yang, and others wanted to capture all of the value of the Keeaumoku Property for themselves, and not share any of it with Tera. To this end, according to Tera, they

---

[12] *Tenn-Fla Partners v. First Union Nat'l Bank*, 226 F.3d 746, 750 (6th Cir. 2000).

[13] Dkt. 441 in Case No. 16-00636.

[14] Dkt. 619 in Case No. 16-00636.

[15] Dkt. 665 in Case No. 16-00636.

8

formulated the Third Amended Plan, which transferred the Keeaumoku Property from Cuzco USA to Newco, Mr. Lee's company. But the Fourth Amended Plan superseded the Third Amended Plan and left the Keeaumoku Property with Cuzco USA. In short, confirmation of the Fourth Amended Plan undid the provision of the Third Amended Plan that Tera says was the cornerstone of the alleged fraud.

Third, the order confirming the Fourth Amended Plan contains a provision that I required in order to mitigate any effect on Tera:

> No provision in this Confirmation Order, the Fourth Amended Plan, or the Confirmation Findings and Conclusions . . . may be construed to limit or affect any rights, claims, or remedies of Cuzco Korea, its creditors, or its shareholders against (a) one another or (b) any of Cuzco Korea's officers or directors or any of their affiliates.[16]

Therefore, there is no plausible claim for revocation of the confirmation order under section 1144, and all such claims are dismissed with prejudice.[17]

It is possible, however, that the fraud on the court counts could support other remedies, such as an award of attorneys' fees[18] and conceivably damages. Therefore, I will dismiss Counts I and II, only to the extent that they seek revocation of the

---

[16] Dkt. 654 in Case No. 16-00636 at 3-4.

[17] The complaint does not specify whether Tera seeks revocation of the order confirming the Third Amended Plan, but any such claim would lack merit. The Fourth Amended Plan superseded the Third Amended Plan. Therefore, revocation of the order confirming the Third Amended Plan would serve no purpose.

[18] *Tenn-Fla Partners*, 226 F.3d at 751.

9

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed 03/20/18   Page 9 of 19

confirmation order.

B.     Derivative and Double-Derivative Claims

The moving defendants argue that the court should dismiss all of Tera's derivative claims (brought on behalf of Cuzco Korea) and double-derivative claims (brought on behalf of Cuzco USA, via Cuzco Korea). The moving defendants argue that Korean law governs the right to bring derivative claims on behalf of a Korean corporation. Tera does not take issue with this general proposition. The moving defendants go on to argue, however, that under Korean law a shareholders' derivative suit may be brought only in the Seoul District Court. Tera responds that foreign law provisions conferring exclusive jurisdiction upon specified foreign courts cannot deprive a United States court of subject matter jurisdiction under United States law.

I agree with Tera. United States statutes confer subject matter jurisdiction on United States courts. Statutes of another nation, such as the South Korean statute on which the moving defendants rely, cannot change the subject matter jurisdiction of a United States bankruptcy court under a United States statute.[19]   (There remains the

---

[19] *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 334 (9th Cir. 2015) citing *Randall v. Arabian American Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985). The moving defendants cite *Taylor v. LSI Logic Corp.*, 715 A.2d 837 (Del. Sup. Ct. 1998), but they fail to acknowledge that the Ninth Circuit noted, in *Seismic Reservoir*, that *Taylor* turned on the Delaware jurisdictional statutes, and the federal statutes are different.

Tera argues that the court should not determine questions of foreign law on a motion to dismiss because that presents a question of fact. Tera is wrong; determination of foreign law is a question of law for the court. Fed. R. Civ. P. 44.1, made applicable by Fed. R. Bankr. P. 9017.

10

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed  03/20/18   Page 10 of 19

question as to whether this court has subject matter jurisdiction under United States law; I will discuss that question below.)

The moving defendants argue that, as a shareholder of Cuzco Korea, Tera cannot assert direct (as opposed to derivative) claims against Cuzco Korea's subsidiary, Cuzco USA. For purposes of this motion, I will reject this argument. The complaint alleges that Cuzco USA and the other defendants engaged in a conspiracy specifically targeted at Tera. The complaint also alleges that the corporate veil between Cuzco USA and Cuzco Korea should be pierced, such that Cuzco Korea is responsible for all of Cuzco USA's obligations, and vice versa. These allegations meet the low standard of plausibility. Therefore, I will not dismiss Counts III and IV of the complaint on this basis.[20]

C. *Forum Non Conveniens*

Next, the moving defendants argue that the court should dismiss the complaint based on the doctrine of *forum non conveniens*. This doctrine permits federal courts "to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties."[21] To employ the doctrine, the court must

---

[20] Both parties argue at length about whether Tera is a "party in interest" under section 1121. This is irrelevant. A party in interest is a person who is entitled to appear and be heard in a bankruptcy case. Party in interest status has nothing to do with a person's right to assert claims in an adversary proceeding for alleged wrongs.

[21] *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001).

11

consider: "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favor dismissal."[22] The doctrine of *forum non conveniens* is "an exceptional tool to be used sparingly" and not "as a doctrine that compels plaintiffs to choose the optimal forum for their claim."[23]

I will not apply the *forum non conveniens* doctrine to Tera's claims (direct, derivative, or double-derivative) against Cuzco USA. Insofar as that portion of the complaint is concerned, it is not clear that a Korean court, with no expertise in U.S. bankruptcy law, would be an adequate forum. Furthermore, there is a strong policy that favors centralization of claims against the debtor in the bankruptcy court that outweighs any other interest.[24]

The argument in favor of *forum non conveniens* is stronger with respect to the other defendants. But before considering whether this court is a convenient forum, one should decide whether this court is even a proper forum; in other words, whether the bankruptcy court has subject matter jurisdiction.

---

[22] *Id.*, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981)(other citations omitted).

[23] *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

[24] "The centralized resolution of bankruptcy claims and the avoidance of piecemeal litigation are fundamental purposes of the Bankruptcy Code." *Pierce v. Carson (In re Rader)*, 488 B.R. 406, 416 (B.A.P. 9th Cir. 2013) (internal quotes omitted).

12

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed  03/20/18   Page 12 of 19

D. Subject Matter Jurisdiction

At the hearing on the motion to dismiss, I questioned whether this court has subject matter jurisdiction. A federal court has an independent duty to ascertain whether it has subject matter jurisdiction.[25]

The federal district courts have "original and exclusive jurisdiction" over all title 11 cases (i.e., the bankruptcy case itself) and "original but not exclusive jurisdiction" over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[26] The district court may refer to the bankruptcy court some or all of the matters covered by the grant of bankruptcy jurisdiction.[27] The district court for this district has referred all such matters to the bankruptcy court.[28]

The phrases "arising under title 11" and "arising in a case under title 11" are terms of art. A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11. In contrast, the claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims

---

[25] *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

[26] 28 U.S.C. § 1334(a), (b).

[27] 28 U.S.C. § 157.

[28] LR1070.1(a).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed  03/20/18   Page 13 of 19

nonetheless would have no existence outside of a bankruptcy case.[29]

The remaining category of bankruptcy jurisdiction, "related to" jurisdiction, is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case.[30]

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[31]

The power of the bankruptcy court to decide a particular matter depends upon whether it is a "core proceeding." In a core proceeding, the bankruptcy court enters a final judgment, which is subject to normal appellate review.[32] In a non-core proceeding, the bankruptcy court may only make proposed findings of fact and conclusions of law, along with any recommended order or judgment, for the district

---

[29] *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013).

[30] *Id.* at 1287.

[31] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original). The Ninth Circuit adopted the *Pacor* test in *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).

[32] 28 U.S.C. § 157(b)(1).

14

U.S. Bankruptcy Court - Hawaii    #17-90009    Dkt # 90    Filed  03/20/18    Page 14 of 19

court's *de novo* review, unless all parties consent to the entry of a final judgment by the bankruptcy court.[33]

Core proceedings consist of all actions "arising under" title 11 and also those "arising in" a case under title 11.[34] A non-exhaustive list of core bankruptcy proceedings can be found at 28 U.S.C. § 157(b)(2). These include certain specific types of bankruptcy court proceedings and two catchall provisions. The first catch-all provision, 28 U.S.C. § 157(b)(2)(A), designates as core "matters concerning the administration of the estate," and the second catchall provision, 28 U.S.C. § 157(b)(2)(O), designates as core "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."

I now apply these general principles to this adversary proceeding.

First, the jurisdictional allegations of the complaint are defective. Paragraph 2 of the complaint alleges, in relevant part:

> This adversary proceeding is a core proceeding brought pursuant to 28 U.S.C. § 157(b). However Tera does not consent to the Bankruptcy Court determining claims which Tera is entitled to have determined by the United States District Court. Accordingly, Tera asks that the reference be withdrawn and set for trial by the United States

---

[33] 28 U.S.C. § 157(c)(1), (c)(2).

[34] *Wilshire Courtyard*, 729 F.3d at 1053.

15

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed   03/20/18   Page 15 of 19

District Court before a Judge of that Court. Tera further reserves the
right to have a jury trial upon matters subject to a trial by jury.

This allegation is self-contradictory. If this entire adversary proceeding is a core proceeding as Tera alleges, then neither Tera nor any other party is "entitled" to have any claims adjudicated in the district court. The request for withdrawal of the reference is ineffective; such a request must be made by motion and heard by a district judge.[35]

In any event, it is clear that, while some of the claims asserted in the complaint are "core proceedings" (such as Tera's claims against Cuzco USA for fraud on the court), other claims are not even "related to" Cuzco USA's bankruptcy case.

Counts IX, X, XI, and XII ask this court to recognize and enforce judgments that Tera has allegedly recovered in Korea against Ms. Yang, a shareholder of Cuzco Korea, and a "debt seizure order" issued by a Korean court, which is apparently analogous to a post-judgment garnishment by Tera of amounts that Cuzco Korea owes to Ms. Yang. Tera's attempt to explain how these disputes among Cuzco Korea's shareholders and creditors could affect Cuzco USA is unpersuasive. Regardless of who ultimately wins those disputes, Cuzco Korea will continue to own all of the equity in

---

[35] I express no opinion on whether the "reservation of rights" to a jury trial in the last sentence of paragraph 2 is an adequate demand for a jury trial. *See* Federal Rules of Civil Procedure 38. I also note that a jury demand is inconsistent with Tera's statement that the entire adversary proceeding is a core proceeding, because there is no right to a jury trial in most core proceedings.

16

U.S. Bankruptcy Court - Hawaii    #17-90009    Dkt # 90    Filed  03/20/18    Page 16 of 19

Cuzco USA. The outcome of those disputes will help determine how the economic value of Cuzco Korea will be divided among its stakeholders, but that will have no effect upon Cuzco Korea's subsidiary, Cuzco USA. Therefore, Counts IX through XII are dismissed for want of subject matter jurisdiction.[36]

### E. Appointment of a Receiver

Count XV of the complaint asks the court to appoint a receiver of the Keeaumoku Property. I asked for further briefing on the question whether this claim can survive the Bankruptcy Code's stricture that "a court may not appoint a receiver in a case under this title."[37]

Tera argues that the phrase "in a case under this title" means that, while the court cannot directly appoint a receiver in the main bankruptcy case, it may do so through an adversary proceeding such as this one. Tera is wrong. A court may not appoint a receiver in lieu of a bankruptcy trustee to oversee a bankruptcy estate asset because the Bankruptcy Code provides for the appointment of a trustee in prescribed circumstances and gives the trustee prescribed powers.[38] Courts may not appoint

---

[36] The moving defendants argue, in their supplemental post-hearing memo, that the bankruptcy court's subject matter is even narrower now that the Fourth Amended Plan has been confirmed and substantially consummated. I will not address this argument because Tera has not had an opportunity to respond.

[37] 11 U.S.C. § 105(b).

[38] 11 U.S.C. § 323.

17

receivers in the main case because doing so could circumvent the carefully drawn provisions governing trustees. "The power cut off by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the bankrupt estate, that is, a receiver in lieu of a trustee."[39]

The cases cited by Tera stand for the proposition that, while a bankruptcy court cannot appoint a receiver to administer the property of the estate, the court may appoint a receiver, under applicable nonbankruptcy law, to take custody of another person's property.[40] For example, in the case of *In re Cassidy Land & Cattle Co.*, the bankruptcy estate included a promissory note payable to the debtor that was secured by a mortgage on the borrower's property. The court of appeals affirmed the bankruptcy court's appointment of a receiver of the mortgaged property in an action to enforce the note and mortgage in favor of the debtor. In that case, the receiver was appointed to supervise property owned by a third party, not property of the estate.[41]

Contrary to Tera's argument, the court's power to appoint a receiver does not depend on the form of the proceeding in which the appointment is sought; rather, it depends on whether the receiver would supplant a trustee's power over property of the

---

[39] *In re Mem'l Estates, Inc.*, 797 F.2d 516, 520 (7th Cir. 1986).

[40] *Id.*

[41] 836 F.2d 1130, 1133 (8th Cir. 1988), *cert. denied*, 486 U.S. 1033 (1988). *See also Fisher v. Hamilton (In re Teknek, LLC)*, 343 B.R. 850, 873 (Bankr. N.D. Ill. 2006).

18

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed 03/20/18   Page 18 of 19

estate. Here, Tera asks the court to appoint a receiver of the Keeaumoku Property, which is Cuzco USA's principal asset. Section 105(b) forbids such an appointment. Count XV must be dismissed.

F. Leave to Amend

When a court grants a motion to dismiss, it should grant leave to amend "when justice so requires"[42] unless doing so would support bad faith, cause undue delay, be an exercise in futility, or prejudice the opposing party.[43] Tera has already amended its complaint twice, and it is hard to imagine how Tera could further amend the complaint in a way that would fix all of the problems identified in this decision. Nevertheless, I will grant leave to file a third amended complaint, in large part because Tera's new counsel indicated at the hearing on the motion that, after consulting with his client, he might want to streamline the complaint in some respects.

## END OF MEMORANDUM OF DECISION

---

[42] Rule 15(a), Fed. R. Civ. P., made applicable by rule 7015, Fed. R. Bankr. P.; *Foman v. Davis*, 371 U.S. 178 (1962).

[43] *Western Shoshone Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991), *cert. denied*, 506 U.S. 922 (1992).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 90   Filed  03/20/18   Page 19 of 19