NAKASHIMA CHING LLC
Attorneys at Law

DAVID A. NAKASHIMA    2064
RYAN B. KASTEN        10395
737 Bishop Street, Suite 2090
Honolulu, Hawai`i  96813
Telephone: (808) 784-2090
Facsimile:  (808) 784-2091
E-mail:  dan@nchilaw.com
         rbk@nchilaw.com

Attorneys for Plaintiff
TERA RESOURCE CO., LTD.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| In re<br><br>CUZCO DEVELOPMENT U.S.A., LLC<br><br>     Debtor. | Case No. 16-00636<br>(Chapter 11) |
| TERA RESOURCE CO., LTD., for itself and in the Right of and for the Benefit of CUZCO DEVELOPMENT KOREA, INC. and in the Right of and for the Benefit of CUZCO DEVELOPMENT U.S.A., LLC,<br><br>    Plaintiff,<br><br>   vs. | Adversary Pro. No. 17-90009<br><br>**THIRD AMENDED VERIFIED COMPLAINT; VERIFICATION; CERTIFICATE OF SERVICE** |

DONG WOO LEE, an individual;
SOO KYUNG YANG, an
individual; NEWCO, LLC, a
Hawaii Limited Liability
Company; JOHN DOES 1-10;
JANE DOES 1-10; DOE
PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10 and DOE
ENTITIES 1-10,

        Defendants,

   and

CUZCO DEVELOPMENT
KOREA, INC.,

        Defendant in
        intervention,

   and

CUZCO DEVELOPMENT U.S.A.,
LLC,

        Nominal
        Defendant.

## THIRD AMENDED VERIFIED COMPLAINT

      Plaintiff Tera Resource Co., Ltd. ("Tera"), for itself, in the

right of and for the benefit of Cuzco Development Korea, Inc.

("Cuzco Korea"), and in the right of and for the benefit of Debtor

Cuzco Development U.S.A., LLC ("Cuzco USA"), by and through its

attorneys Nakashima Ching LLC, brings its Third Amended Verified

Complaint against Dong Woo Lee, an individual; Soo Kyung Yang, an individual; NewCo, LLC, a Hawai`i Limited Liability Company; Cuzco Korea, Defendant in Intervention; Cuzco USA, Nominal Defendant; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; and Doe Entities 1-10, and alleges and avers as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Hawai`i has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Further, Section 10.1 of the Fourth Amended Plan of Reorganization provides that this Court "shall retain jurisdiction over the Chapter 11 Case and any of the proceedings related to the Chapter 11 Case . . . to decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters . . . that may be pending before the Effective Date or that may be commenced thereafter[.]" The present Complaint falls within this Court's retained jurisdiction.

2.      This adversary proceeding is a core proceeding brought pursuant to 28 U.S.C. § 157(b).

{00041358;1} 1017-1

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed 05/15/18  Page 3 of 40

3.      Venue for this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409.

4.      This action seeks: a judgment against the Defendants for fraud, conspiracy, breach of fiduciary duty, conversion, and unjust enrichment; recovery of Tera's fees and costs incurred in the Bankruptcy Case and in this adversary proceeding; an order that Cuzco USA is an alter ego of Cuzco Korea, and vice versa, and piercing the corporate veil to disregard the legal fiction of the two entities' separate existence; and other relief as stated herein or as the Court deems just and proper.

**PARTIES**

5.      Tera is a corporation organized under the laws of the Republic of Korea with its principal place of business in the Republic of Korea and is a shareholder and creditor of Cuzco Korea.

6.      Cuzco Korea is a corporation organized under the laws of the Republic of Korea with its principal place of business in the Republic of Korea and is the sole member and a creditor of Cuzco USA. Cuzco Korea is a plaintiff and nominal defendant in this action to the extent that Tera sues derivatively on its behalf. Cuzco Korea is also a defendant in intervention, having moved to

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 94   Filed 05/15/18   Page 4 of 40

intervene in this action on May 16, 2017 [Adv. Dkt #33], which motion was granted on June 16, 2017 [Adv. Dkt #50].

7.     Cuzco USA is a limited liability company organized under the laws of the State of Hawai`i with its principal place of business in the State of Hawai`i and is the above-named Chapter 11 debtor in the Bankruptcy Case. Cuzco USA is a plaintiff and nominal defendant in this action to the extent that Tera sues derivatively on its behalf.

8.     Dong Woo Lee ("Mr. Lee"), upon information and belief, is an individual and resident of California. Mr. Lee has transacted business within the State of Hawai`i as more specifically alleged herein. Mr. Lee also purports to act as the representative director and manager of both Cuzco Korea and Cuzco USA.

9.     Soo Kyung Yang ("Ms. Yang"), upon information and belief, is an individual and resident of California or of the Republic of Korea. Ms. Yang has transacted business within the State of Hawai`i as more specifically alleged herein. Ms. Yang, through her late husband, inherited assets including a 50% shareholder interest in Cuzco Korea as well as a creditor interest in Cuzco Korea of approximately $9,000,000, under a debt owed to her late husband

by Cuzco Korea. Ms. Yang also inherited, through her late husband, obligations to Tera that have been reduced to judgment and seizure orders against her shareholder and creditor interests in Cuzco Korea.

10. NewCo, LLC ("NewCo"), upon information and belief, is a Hawai`i Limited Liability Company, organized or to be organized under the laws of the State of Hawai`i.

11. Defendants John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; and Doe Entities 1-10 ("Doe Defendants") are individuals or entities, the names, identities, capacities and/or responsibilities of which are presently unknown to Tera, but who in some manner presently unknown to Tera have or may have participated in the conduct outlined herein. Tera has undertaken diligent and good faith efforts to ascertain the names and identities of such Doe Defendants, including its discovery requests in the Bankruptcy Case [Dkt ##446–448, 451–453; Adv. Dkt ##37, 38] and Motion to Compel [Dkt #503].

12. Under applicable law, Tera has the right to sue derivatively on behalf of Cuzco Korea.

13.     Under Hawai`i Revised Statutes § 428-1101, a "member of a limited liability company may maintain an action in the right of the company if the members or managers having authority to do so have refused to commence the action or an effort to cause those members or managers to commence the action is not likely to succeed."

14.     Under Article 403 of the Korean Commercial Code ("KCC"), "[a]ny shareholder who holds no less than 1/100 of the total outstanding shares" may file a derivative suit.

15.     Tera is and was a shareholder of Cuzco Korea holding more than 1/100 of the shares at all times relevant hereto. Tera brings this action for itself and derivatively on behalf of Cuzco Korea to enforce rights that Cuzco Korea may properly assert, but that it has failed to enforce. Tera fairly and adequately represents the interests of other shareholders in Cuzco Korea, who are similarly situated.

16.     Under Articles 399 and 401 of the KCC, directors who have "neglected to perform their duties" are liable to the company and third parties.

17.     Under Article 402 of the KCC, acts of a director that are likely to cause irreparable harm to the company may be enjoined.

18.     Under Article 405 of the KCC, Tera may recover its fees and costs incurred in this action.

19.     Cuzco USA is and was a wholly-owned subsidiary of Cuzco Korea at all times relevant hereto. Tera brings this action derivatively on behalf of Cuzco Korea as the sole member of Cuzco USA to enforce rights that Cuzco USA may properly assert, but that it has failed to enforce.

20.     This derivative action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

21.     Tera has made efforts to obtain the relief and desired action sought herein via, among other things, letters to Cuzco Korea and to Mr. Lee in February 2017 but was unsuccessful.

22.     Tera also reasonably believes that any further efforts to obtain such action without court process are futile because Mr. Lee has acted in his own self-interest while purporting to act as the representative of both Cuzco Korea and Cuzco USA.

Further, when confronted with the self-serving nature of Mr. Lee's actions described herein, Mr. Lee has flatly denied the effect of said actions.

## FACTUAL ALLEGATIONS

### The Cuzco Korea Loan

23.     Cuzco USA's primary asset is an approximately 3.5-acre parcel of commercial real estate located at 805 - 915 Keeaumoku Street (the "Keeaumoku Property").

24.     In connection with its purchase of the Keeaumoku Property, Cuzco USA borrowed approximately $17,000,000 from Cuzco Korea (the "Cuzco Korea loan"), which loan, according to the financial statements of Cuzco USA, has an outstanding balance of roughly $15,800,000 as of December 31, 2014.

25.     As a result of the Cuzco Korea loan, Cuzco Korea is a creditor of Cuzco USA.

26.     Nonetheless, Mr. Lee refused to cause Cuzco USA to list the Cuzco Korea loan on its bankruptcy schedules.

27.     Instead, Mr. Lee, ostensibly acting on behalf of both Cuzco Korea and Cuzco USA, purported to convert the Cuzco Korea loan into equity in Cuzco USA.

{00041358;1} 1017-1
U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 94   Filed  05/15/18   Page 9 of 40

28.     Mr. Lee also refused to cause Cuzco Korea to file a proof of claim related to the Cuzco Korea loan.

29.     Mr. Lee's purported conversion of Cuzco Korea's loan was ineffective because it was unauthorized, contrary to law and the corporate documents of Cuzco Korea and Cuzco USA, a breach of his fiduciary duty, and an *ultra vires* action. As noted above, Cuzco Korea already holds 100% of the equity in Cuzco USA.

### Ms. Yang's Struggle for Control of Cuzco Korea

30.     The current shareholders of Cuzco Korea are Tera, Ms. Yang, and Mr. Sung Hak Choi (collectively the "Lawful Shareholders").

31.     In 2014, in an action by Tera against Cuzco Korea, the Seoul Central District Court (the "Korean Court") found and determined that Tera was a lawful shareholder of Cuzco Korea, owning 14.71% of the issued and outstanding shares, and that judgment was final and binding upon Cuzco Korea.

32.     Ms. Yang inherited her interest in Cuzco Korea from her late husband, Doo Sup Byun ("Mr. Byun"), who died in 2013.

33.     In or around the summer of 2014, Ms. Yang began to struggle with Mr. Hyun Soo Jang ("Mr. Jang") and other family

members and associates of her late husband (the "Byun Group") for control over Cuzco Korea.

34.     Mr. Jang and the Byun Group purported to cause Cuzco Korea to issue what Mr. Lee described as 48,000 "bogus shares" of Cuzco Korea, over and above the shares owned by the Lawful Shareholders and filed false documents with the Hawai`i State Department of Commerce and Consumer Affairs in an attempt to gain control of Cuzco Korea.

35.     In response, Ms. Yang filed a lawsuit in Korea on January 21, 2015 to nullify Cuzco Korea's purported issuance of what Mr. Lee admitted were 48,000 bogus shares, in part because the purported issuance of the bogus shares did not comply with or observe the preemptive rights of the Lawful Shareholders (the "Yang Korea Action"). Tera filed another lawsuit in the Korean Court similar to the Yang Korea Action, and the two cases were consolidated.

36.     Concurrently, Ms. Yang, in order to combat Mr. Jang's "bogus share" gambit, filed suit in the Circuit Court of the First Circuit, State of Hawai`i, under Civil No. 15-1-0378-03 (JHC), seeking the appointment of a receiver to protect against the

"unlawful sale of the Property" by a Mr. Jang-controlled Cuzco USA (the "Yang Hawai`i Action").

37.     In the Yang Hawai`i Action, Ms. Yang obtained the appointment of a receiver on October 30, 2015.

38.     Ms. Yang has also engaged in the business affairs of Cuzco USA here in Hawai`i, including direct negotiations regarding the lease terms of various tenants of the Keeaumoku Property.

39.     Therefore Ms. Yang has both conducted business in Hawai`i through her participation in the affairs of Cuzco USA and has availed herself of the courts of the State of Hawai`i in the Yang Hawai`i Action.

40.     In the Yang Korea Action, Ms. Yang and Tera obtained a judgment from the Korean Court, against Mr. Jang and the Byun Group, nullifying the issuance of the bogus shares on July 24, 2015. Mr. Jang and the Byun Group appealed that judgment.

41.     On December 18, 2015, the judgment in favor of Ms. Yang and Tera in the Yang Korea Action was affirmed by the Seoul High Court.

**The Korean Court Orders in Favor of Tera and Against Ms. Yang**

42.     As noted above, Ms. Yang inherited her interest in Cuzco Korea from her late husband, Mr. Byun.

43.     On April 7, 2015, the Korean Court entered a money judgment (the "Money Judgment") in the amount of approximately $2,000,000 in favor of Tera and against Ms. Yang for amounts Mr. Byun had embezzled from Tera.

44.     On July 3, 2015, the Korean Court, in aid of the Money Judgment, entered a Stock Seizure Order in favor of Tera and against Ms. Yang's 50% interest in Cuzco Korea.

45.     On April 20, 2016, the Korean Court, in aid of the Money Judgment entered a Stock Sale Order in favor of Tera and against Ms. Yang's 50% interest in Cuzco Korea.

46.     On May 13, 2016, the Korean Court entered a Debt Seizure Order in favor of Tera as well, which effectively garnished the substantial debt, approximately $7,000,000, owed from Cuzco Korea to Ms. Yang to satisfy the Money Judgment. The Money Judgment, Stock Seizure Order, Stock Sale Order, and Debt Seizure Order are referred to collectively as the "Korean Court Orders."

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 13 of 40

47.     The Korean Court Orders effectively direct that Ms. Yang's 50% equity interest in and debts owed to her from Cuzco Korea shall inure to the benefit of Tera.

48.     Tera is therefore a creditor of Cuzco Korea, which is in turn a creditor of Cuzco USA by virtue of the Cuzco Korea loan that Mr. Lee improperly recharacterized as equity.

49.     Moreover, as a creditor of Cuzco Korea pursuant to the Debt Seizure Order, Tera has priority over the interests of shareholders in Cuzco Korea under Korean law.

## The Scheme to Divest Tera and Cuzco Korea of the Equity in the Keeaumoku Property

50.     On July 28, 2015, Mr. Lee purportedly was elected representative director of Cuzco Korea. As such, Mr. Lee owed fiduciary duties to Cuzco Korea and to its creditors and shareholders, including Tera.

51.     In any event, that election was improper and void.

52.     Nevertheless, in September 2015, Mr. Lee caused Cuzco Korea's shareholder ledger to be amended to record an additional 60,000 shares. However, just as with the earlier issue of what Mr. Lee admitted were 48,000 bogus shares, Cuzco Korea again failed to comply with or observe the preemptive rights of the

Lawful Shareholders and issued said shares for less than reasonably equivalent value.

53.     On December 23, 2015, just days after the Seoul High Court affirmed the nullification of the 48,000 shares, the Byun Group entered into a collusive settlement agreement with Ms. Yang and Mr. Lee, dated December 23, 2015, under which Mr. Lee purported to purchase the 60,000 shares of Cuzco Korea issued in September 2015 for approximately $30,000, in exchange for the Byun Group's agreement to forego a further appeal to the Supreme Court of the Republic of Korea. This collusive settlement agreement was required by its terms to be kept secret and was concealed from Tera by Mr. Lee and Ms. Yang.

54.     By January 2016, Cuzco Korea purported to issue another 60,000 shares to Mr. Lee, this time for $300,000, again using the same procedure employed for the earlier issue of what Mr. Lee and Ms. Yang admitted were 48,000 bogus shares. As before, Cuzco Korea did not receive reasonably equivalent value for the second set of 60,000 shares purportedly purchased by Mr. Lee. Nor did the issuance of the additional 60,000 shares comply with or

observe Tera's preemptive rights or Tera's rights as a creditor of Ms. Yang.

55.     Cuzco Korea, Mr. Lee, and Ms. Yang conspired to utilize the 120,000 shares to dilute both Ms. Yang's interest (which had been seized by Tera) and Tera's direct interest in Cuzco Korea and thereby circumvent the Korean Court Orders entered in favor of Tera.

56.     In February 2016, at a Cuzco Korea shareholders' meeting, Mr. Lee falsely represented to Cuzco Korea's shareholders, including Tera, that he would take action to protect the Keeaumoku property from the creditors of Cuzco USA.

57.     Mr. Lee caused false minutes of the meeting to be prepared falsely showing that Tera had joined in certain actions of the shareholders and that the shareholders had authorized him to sell the Keeaumoku Property. In addition, Tera was improperly blocked from voting its shares at the meeting.

58.     Neither during the February 2016 shareholders' meeting, nor at any other time, did Mr. Lee inform Tera that he was proposing a bankruptcy plan that would transfer all the equity in the Keeaumoku Property, for less than reasonably equivalent value,

{00041358;1} 1017-1

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed 05/15/18  Page 16 of 40

to a new entity that he alone would own and control, thereby divesting Tera of all the value of its interests in Cuzco Korea. Mr. Lee also failed to disclose that he was purporting to convert the Cuzco Korea loan to equity, not including it on Cuzco USA's bankruptcy schedules, and not filing a proof of claim on behalf of Cuzco Korea on account of the Cuzco Korea loan.

### Mr. Lee and Ms. Yang's Fraudulent Bookkeeping

59.    In addition to Mr. Lee's illegal conversion of the $15,800,000 Cuzco Korea Loan to equity, Mr. Lee also orchestrated several other transactions for the sole purpose of frustrating creditors. These transactions had no legitimate business purpose, were not made at arms' length, and were not made for reasonably equivalent value.

60.    On February 25, 2016, just two days after the Cuzco Korea shareholders' meeting (at which he promised to protect the shareholders), Mr. Lee issued another false document, entitled "Invoice/ Funds Owed," showing supposed amounts owed to Debtor by Ms. Yang on account of fictitious transfers to her late husband and related persons and entities. These amounts are obviously fabricated as they were not listed in Debtor's schedules.

{00041358;1} 1017-1
U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 17 of 40

61.     Thereafter, on or about March 9, 2016, Ms. Yang purported to approve an assignment of the amounts owed under the fraudulent invoice to Cuzco Korea in an effort to render worthless Ms. Yang's receivable from Cuzco Korea, (which was levied by the Debt Seizure Order).

62.     On March 14, 2016, Ms. Yang purported to transfer to Cuzco USA the $7,000,000 debt owed to her by Cuzco Korea. The purported assignment states that the current value of the 2007 loan was now approximately $9,700,000. Ms. Yang had no right to transfer the 2007 loan obligation to Debtor because Tera now has a creditor interest in the repayment of the loan from Cuzco Korea to Ms. Yang.

63.     Therefore, prior to February 25, 2016, Cuzco Korea owed the $7,000,000 loan (with an approximate $9,700,000 balance) to Ms. Yang, who in turn was indebted to Tera.

64.     As of March 15, 2016, Mr. Lee and Ms. Yang had fraudulently restructured this debt to make it appear that Cuzco Korea owed Cuzco USA the $7,000,000 loan (with an approximate $9,700,000 balance) and that Yang owed the funds outlined in the fraudulent invoice to Cuzco Korea.  Mr. Lee and Ms. Yang's

fraudulent bookkeeping was intended to render ineffective the liability of Ms. Yang to Tera under the Money Judgment and subsequent Korean Court Orders.

## Cuzco USA's Bankruptcy Petition and Plan

65.     In the months leading up to the June 20, 2016 bankruptcy filing, Mr. Lee engaged Ms. Yang's counsel, Choi & Ito, to assist Cuzco USA in preparation of its Chapter 11 filing herein.

66.     As of June 23, 2016, Debtor paid Choi & Ito legal fees of $270,258.87 for services benefitting Mr. Lee.

67.     On June 20, 2016, Mr. Lee directed Cuzco USA to petition for bankruptcy protection.

68.     Ms. Yang and Mr. Lee have sought to utilize the bankruptcy process for the purpose of erasing the $15,800,000 Cuzco Korea loan, by failing to list it as a liability on Cuzco USA's schedules and by failing to file a proof of claim on behalf of Cuzco Korea on account of the Cuzco Korea loan.

69.     Ms. Yang and Mr. Lee also attempted to utilize the bankruptcy process for the purpose of moving Cuzco USA's sole asset, and thus all the value of Cuzco Korea's shares, to a new entity, NewCo, to be owned and operated by Mr. Lee.

{00041358;1} 1017-1

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 19 of 40

70. Mr. Lee, through NewCo, purported to offer only $5,000,000 as consideration for the transfer of the Keeaumoku Property.

71. However, a recent $45,000,000 appraisal of the Keeaumoku Property and a $45,000,000 offer from a third-party investor demonstrate that there is approximately $20,000,000 of equity in the Keeaumoku Property.

72. The first hearing on Cuzco USA's Plan was held November 7, 2016.

73. At the November 7, 2016 hearing, the Court questioned Cuzco USA's counsel regarding creditors in Korea and how they might be affected by the Plan. Cuzco USA's counsel misled the Court when he asserted that "the biggest creditor is Cuzco Korea, the parent. And the parent is on notice of the bankruptcy."

74. What Cuzco USA's counsel did not tell the Court was that the only notice to Cuzco Korea was notice to Mr. Lee himself.

75. On November 7, 2016, Cuzco USA's counsel also misled the Court when he stated, "The creditors, really, that are out there who have an interest in this case are all here in this

courtroom." In fact, neither Cuzco Korea nor Tera were in attendance at the November 7, 2016 hearing.

76.     At a subsequent hearing on the Plan held November 29, 2016, Cuzco USA's counsel again misled the Court when he stated: "Cuzco Korea has been given notice of the bankruptcy. It's entitled to notice as the 100 percent owner of Cuzco USA. And the notice was sent to Cuzco Korea's Korean address." In fact, the only Korean address for Cuzco Korea listed in Debtor's bankruptcy matrix was an address associated with Mr. Lee.

77.     On January 9, 2017, Cuzco USA submitted a Declaration of Mr. Lee, containing some 44 pages of testimony, along with 63 exhibits. This material was submitted in support of Cuzco USA's request to the Court to approve the Plan. This Declaration and its attached exhibits contained numerous misstatements, misleading statements, and incomplete disclosures, including, without limitation, the following:

a.     In paragraph 97 of the Declaration, and at Exhibit 32 attached thereto, Cuzco USA and Mr. Lee represent that he is the Representative Director as of July 28, 2015.

b.    Per paragraph 138 of the Declaration, and at Exhibit 45 attached thereto, Cuzco USA and Mr. Lee present the December 23, 2015 agreement with "certain Illegal Directors" without disclosing that this agreement allowed Mr. Lee to purchase the purported 60,000 shares of Cuzco Korea, and without disclosing that this agreement was kept secret from Lawful Shareholder Tera.

c.    At paragraph 148 of the Declaration, Mr. Lee testifies as to the minutes of an annual general meeting of the shareholders of Cuzco Korea, held on February 23, 2016 (Exhibit 54 to the Declaration), which minutes are fraudulent in that: (1) they reflect that there is a legitimate dispute regarding ownership of the Tera's shares in Cuzco Korea, when no such dispute existed; (2) they do not fully reflect the discussion at the meeting; and (3) they recite that 140,000 shares were held by shareholders present at the meeting, but that number of shares could not have been issued without violating the existing shareholders' (including Tera's) preemptive rights.

78.    Mr. Lee's declarations and its exhibits when taken as a whole conveyed the impression that Tera, as a Lawful Shareholder, had been given adequate notice of the Plan and was

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 22 of 40

not opposed to the Plan, despite the fact that the Plan destroyed Tera's equity interest in Cuzco Korea and Tera's rights to recover from Ms. Yang, while personally benefitting Mr. Lee.

79.     In fact, Tera was not served with any of Cuzco USA's bankruptcy filings.

80.     At a hearing on the Plan, held January 13, 2017, Cuzco USA's counsel misled the Court when he argued for confirmation by stating: "This is not a case where unsecured creditors or other stakeholders are complaining about the distribution proposed under the plan.  The — and they voted to accept the plan."

81.     Cuzco USA's counsel again misled the Court when he stated that "Cuzco U.S.A.'s Chapter 11 is well known in Korea" and that the Plan should be confirmed because Cuzco Korea "has not appeared in this case."

82.     During his deposition, taken January 28, 2017, Mr. Lee made numerous misstatements and/or failed to disclose material information, including, without limitation, the following:

a.     When asked about potential payments to shareholders of Cuzco Korea after the transfer of the Keeaumoku

Property under the Plan, Mr. Lee testified that Ms. Yang and another Cuzco Korea shareholder, Mr. Choi, would receive "shareholder benefits." However, no "shareholder benefits" have been offered to Tera, even though Mr. Lee has admitted that Tera is a "Lawful Shareholder." Any payment of "shareholder benefits" to Ms. Yang or Mr. Choi would be fraudulent as to Tera and the other creditors, who have priority over the shareholders, and would improperly circumvent the Korean Court Orders.

      b.    Mr. Lee testified that he became a shareholder of Cuzco Korea "under Cuzco shareholders 100% agreement." This is false, as Tera never agreed to Mr. Lee becoming a shareholder.

      c.    Mr. Lee testified that, at the February 2016 annual shareholders' meeting, the shareholders of Cuzco Korea "100% unanimously agreed" to issue 60,000 additional shares to Mr. Lee. This is false since Tera never agreed to issuance of the additional shares to Mr. Lee.

      d.    Mr. Lee testified that he considered how to provide a return to Cuzco's equity holders and that "after the bankruptcy is over . . . I will discuss with the rest of the shareholders [whether] to

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 24 of 40

develop the property or not." This is false since Cuzco's equity holders would have been wiped out if the Plan had been implemented.

e.     Mr. Lee testified in his deposition regarding purported debts owed to Cuzco USA from Ms. Yang. Exhibit 19 to his deposition includes purported invoices that he claims evidence such debts. Tera believes that some, if not all, of the alleged debts are not legitimate charges to Ms. Yang from Cuzco USA. However, if they are legitimate charges, Cuzco USA had an obligation to list them as assets on its bankruptcy schedules and administer those assets. If they are illegitimate, they further evidence Mr. Lee's fraudulent conduct.

83.     Tera learned of the Plan and the proposed transfer of the Keeaumoku Property on or about February 3, 2017, shortly before the February 13, 2017 hearing in which the Plan was to be confirmed.

84.     On February 3, 2017, Tera wrote a letter to Cuzco Korea seeking information regarding the proposed transfer of the Keeaumoku Property.

85.     Having received no response to its February 3, 2017 letter, Tera then sent a letter objecting to the Plan to counsel for Cuzco USA several hours before the confirmation hearing.

86.     None of the parties apprised the Court, at the February 13, 2017 hearing of Tera's objections to the Plan.

87.     The foregoing misstatements and non-disclosures among others made to the Court by Cuzco USA were materially false and misleading.

88.     At the February 13, 2017 hearing, the Court (having been misled by Cuzco USA, its counsel, and Mr. Lee) found the Plan to have been proposed in good faith, in part because "Cuzco Korea and its minority shareholders haven't objected to the plan, and so they're apparently content with the treatment they're going to get." Cuzco USA, its counsel, and Mr. Lee knew or should have known that the Court's statement was not correct, but they failed to advise the Court that Tera had in fact objected to the Plan.

89.     The Court further relied upon the representations of Cuzco USA, stating at the February 13, 2017 hearing that "The shareholder, Cuzco Korea, gets nothing, gets wiped out," but noting that Mr. Lee said that he "planned later on once the case is all over

{00041358;1} 1017-1
U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 26 of 40

to give something to his fellow shareholders of Cuzco Korea, which seems to me that, arguably, at least, he's, to some extent, acting on behalf of Cuzco Korea." Again, Cuzco USA, its counsel and Mr. Lee failed to correct that misapprehension.

90.     After the February 13, 2017 hearing, Mr. Lee responded to Tera's objection by denying that the true effect of the Plan was to give him Cuzco USA's sole asset.

91.     On February 24, 2017, relying on the aforementioned misrepresentations and failures to disclose, the Court entered the Order Confirming Debtor's Third Amended Chapter 11 Plan of Reorganization Dated as of February 10, 2017, entered February 24, 2017 [Dkt #435] ("Order Confirming Third Plan"). Indeed, the Court expressly stated that it had relied on the representations of counsel, the Declaration of Mr. Lee and exhibits thereto, and Mr. Lee's deposition testimony — which were false, misleading, and/or failed to disclose material information, as described above.

92.     The Order Confirming Third Plan and the related Findings of Fact and Conclusions of Law were inaccurate and/or

not supported by the record and were procured by fraud on the part of Cuzco USA, Mr. Lee, and Cuzco USA's counsel.

93.     As a result of the foregoing, on March 9, 2017, Tera filed its Motion for Reconsideration [Dkt #441] ("Recon Motion").

94.     Tera's Recon Motion came on for hearing on April 11, 2017. During the hearing, the Court voiced a concern that the Property, if transferred by Debtor, would pass out of the jurisdiction of the Bankruptcy Court, and thereby potentially cause irreparable harm to Tera or others. The Court then issued the Temporary Restraining Order [Dkt #521] ("TRO"), which was extended to May 9, 2017 [Dkt #564; Adv. Dkt #9]. Thereafter, the parties entered into a stipulated order extending the TRO to May 11, 2017 [Dkt #567; Adv. Dkt #11], and finally to July 31, 2017 [Dkt #610; Adv. Dkt #39].

95.     On May 8, 2017, in the present proceeding, the Court held a further hearing on the Recon Motion and expressed its tentative conclusion regarding the Third Plan and the transfer of equity to NewCo:

> "My basic view, subject to hearing from counsel, is that my finding of adequate notice to Cuzco Korea at that time was incorrect. . . I just can't see my way clear defining that as adequate notice in the

U.S. Bankruptcy Court - Hawaii  #17-90009  Dkt # 94  Filed  05/15/18  Page 28 of 40

> circumstances. That means to me that confirmation
> has to be vacated. . . ."

The Court also indicated that an order to show cause why a Trustee should not be appointed might be appropriate. The Court took the matter under advisement.

96. On May 11, 2017, and in light of the Court's stated tentative ruling, counsel for Cuzco USA indicated that Cuzco USA would be willing to modify the Third Plan to eliminate the fraudulent transfer to NewCo.

97. On May 16, 2017, Debtor filed its Motion of Reorganized Debtor to Modify Confirmed Plan of Reorganization ("Motion to Modify") [Dkt #595] seeking to have the Court adopt the Fourth Plan.

98. In the Motion to Modify, Cuzco USA relied solely on information previously submitted in conjunction with confirmation of the Third Plan to demonstrate that the Fourth Plan was in compliance with Section 1129 of the Bankruptcy Code.

99. As demonstrated above, the information submitted in support of the Third Plan, including the testimony of Mr. Lee was false, misleading, and fraudulent. Moreover, Mr. Lee, in purporting to act on behalf of both Cuzco USA and Cuzco Korea as well as

purporting to be a creditor of Cuzco USA, suffers from a fundamental conflict of interest.

100.     The Court heard the Motion to Modify on June 7, 2017 and determined that, despite Mr. Lee's misdeeds, the totality of the circumstances weighed in favor of modification to the Fourth Plan.

101.     On July 7, 2017, the Court entered the Order Confirming Fourth Plan [Dkt #654] and associated Findings of Fact and Conclusions of Law [Dkt #653].

102.     As with the Order Confirming Third Plan and its related Findings of Fact and Conclusions of Law, the Order Confirming Fourth Plan was procured by fraud on the part of Cuzco USA, Mr. Lee, and Cuzco USA's counsel.

## COUNT I -  Fraudulent Misrepresentation
## (On Behalf of Tera)

103.     Tera hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

104.     As outlined herein and as will be proved at trial of this matter, Defendants made misrepresentations and omissions of fact to Tera regarding Cuzco USA's bankruptcy and the Keeaumoku Property.

105.     In February 2016, at a Cuzco Korea shareholders'
meeting, Mr. Lee falsely represented to Cuzco Korea's shareholders,
including Tera, that he would take action to protect the Keeaumoku
property from the creditors of Cuzco USA.

106.     Mr. Lee caused false minutes of the meeting to be
prepared falsely showing that Tera had joined in certain actions of
the shareholders and that the shareholders had authorized him to
sell the Keeaumoku Property.

107.     Neither during the February 2016 shareholders'
meeting, nor at any other time, did Mr. Lee inform Tera that he was
proposing a bankruptcy plan that would transfer all the equity in
the Keeaumoku Property, for less than reasonably equivalent value,
to a new entity that he alone would own and control, thereby
divesting Tera of all the value of its interests in Cuzco Korea.

108.     Mr. Lee also failed to disclose to Tera that he was
purporting to convert the Cuzco Korea loan to equity, not including
it on Cuzco USA's bankruptcy schedules, and not filing a proof of
claim on behalf of Cuzco Korea on account of the Cuzco Korea loan.

109.     Defendants made such misrepresentations and
omissions of fact in order to render worthless Tera's shareholder

interest in Cuzco Korea and to circumvent judgments of the Korea Court.

110.    Such representations were false and such omissions tended to imply facts that were untrue.

111.    The aforementioned misrepresentations and omissions were material.

112.    The Defendants knew said representations were false and said omissions tended to imply facts that were false.

113.    The Defendants intended that their misrepresentations and omissions would be relied upon.

114.    Tera did, in fact, rely upon Defendants' misrepresentations and omissions.

115.    Defendants' misrepresentations and omissions of fact have forced Tera to become embroiled in litigation herein and in the main bankruptcy proceeding to protect its rights.

116.    Tera has incurred, and continues to incur, expenses, including attorneys' fees and costs, in its efforts to counteract the fraud of Defendants.

117.     As a result of Defendants' misrepresentations and omissions, Tera has been damaged in an amount to be proven at trial.

## COUNT II - Conspiracy
### (On Behalf of Tera, Cuzco Korea, and Cuzco USA)

118.     Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

119.     Defendants have conspired together in a concerted action to divest Cuzco Korea of its creditor claims against Cuzco USA and its equity interest in the Keeaumoku Property.

120.     Defendants have planned this conspiracy for the unlawful purpose of avoiding the effect of Tera's shareholder and creditor interests in Cuzco Korea and the effect of the Korean Court Orders in favor of Tera and against Ms. Yang.

121.     Defendant's filing of this bankruptcy, including the related schedules, forms, and plans, among other actions described herein, were in furtherance of this conspiracy.

122.     Defendants' conspiracy sought to damage Cuzco Korea, Cuzco USA, and Tera.

123.    As a result of Defendants' conspiracy, Tera, Cuzco Korea, and Cuzco USA have been damaged in an amount to be proven at trial.

## COUNT III – Breach of Fiduciary Duty
### (On Behalf of Tera, Cuzco Korea, and Cuzco USA)

124.    Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

125.    Pursuant to both Hawai`i law and Korean law, Mr. Lee owes fiduciary duties to Cuzco USA and Cuzco Korea as its sole member.

126.    Pursuant to both Hawai`i law and Korean law, Cuzco USA owes fiduciary duties to Cuzco Korea and to Tera as its shareholder.

127.    Pursuant to both Hawai`i law and Korean law, Ms. Yang, as a majority shareholder in Cuzco Korea, owes fiduciary duties to Tera, a minority shareholder.

128.    Mr. Lee, Cuzco USA, and Ms. Yang have breached their fiduciary duties as outlined herein.

129.    As a result of the aforementioned breaches of fiduciary duty, Cuzco Korea, Cuzco USA, and Tera have suffered or will suffer significant damages in amounts to be proven at trial.

## COUNT IV - Conversion
### (On Behalf of Tera, Cuzco Korea, and Cuzco USA)

130.    Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

131.    Defendants, without approval or authority, have sought to utilize the bankruptcy process to discharge Cuzco USA of any and all obligation under the Cuzco Korea loan without scheduling such loan as a debt or filing a proof of claim therefor.

132.    Defendants, without approval or authority, have engaged in actions to sell, transfer, or otherwise dispose of the Keeaumoku Property and other assets of Cuzco USA for their sole benefit.

133.    As a proximate result of the activities of Defendants described herein, Defendants have converted funds in the approximate amount of $15,800,000, or such other amounts as may be proven at trial.

## COUNT V – Unjust Enrichment
## (On Behalf of Tera, Cuzco Korea, and Cuzco USA)

134.     Tera, for itself and derivatively on behalf of Cuzco Korea and Cuzco USA, hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

135.     Defendants, without approval or authority, have purported to convert the Cuzco Korea loan to equity.

136.     Defendants, without approval or authority, have sought to utilize the bankruptcy process to discharge Cuzco USA of any and all obligation under the Cuzco Korea loan, without scheduling such loan as a debt or filing a proof of claim therefor.

137.     The aforementioned conduct of Defendants, if not corrected by this Court, has or will enrich Defendants in the approximate amount of $15,800,000, or other amount proven at trial.

138.     It would be unjust for Defendants to retain the value from the Cuzco Korea loan without repayment of the same or adequate treatment in Cuzco USA's bankruptcy proceeding.

139.     As outlined herein, Defendants have also conspired to wrongly divest Tera of its interest, evidenced by the Debt Seizure Order, in amounts owed to Ms. Yang by Cuzco Korea.

140.    If not corrected by this Court, Defendants' conduct will enrich them in an amount exceeding $2,000,000, or other amount proven at trial.

141.    It would be unjust for Defendants to retain amounts that have been seized by the Korean Court in favor of Tera.

142.    As a proximate result of the activities of Defendants described herein, Tera, for itself and through Cuzco Korea and Cuzco USA, has been damaged in an amount to be proven at trial or other hearing of this matter.

## COUNT VI – Recovery of Fees and Costs
### (On Behalf of Tera)

143.    Tera hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

144.    Defendants' wrongful conduct as described herein against Cuzco Korea and Cuzco USA, including Defendants' fraudulent attempts to transfer the Keeaumoku Property to NewCo and efforts to utilize the bankruptcy process to erase a $15,800,000 debt owed from Cuzco USA to Cuzco Korea, has caused Tera to become embroiled in litigation herein and in the main proceeding.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 94   Filed  05/15/18   Page 37 of 40

145.     Tera has incurred, and continues to incur, expenses, including attorneys' fees and costs, in its efforts to counteract the fraud and conspiracy of Defendants.

146.     The expenses, including attorneys' fees and costs, incurred by Tera are the natural and necessary consequence of the Defendants' wrongful conduct.

## COUNT VII - Piercing the Corporate Veil
### (On Behalf of Tera)

147.     Tera hereby realleges and incorporates the preceding paragraphs as though set forth fully herein.

148.     Cuzco USA is an alter ego of Cuzco Korea, and vice versa.

149.     Recognition of the formal corporate separateness of Cuzco Korea and Cuzco USA contravenes values of basic fairness, and recognition of the corporate fiction would bring about injustice and inequity.

150.     Moreover, there is such a unity of interest between Cuzco Korea and Cuzco USA that the individuality or separateness of the two entities has ceased.

151.     As alleged herein, Defendants have attempted to use the corporate fiction between Cuzco Korea and Cuzco USA to perpetrate a fraud and to defeat a rightful claim.

152.     Therefore, adherence to the fiction of the separate existence of Cuzco Korea and Cuzco USA would sanction fraud and promote injustice.

153.     Based on the totality of the circumstances, Tera is entitled to an order piercing the corporate veil and disregarding the legal fiction of the separate existence of Cuzco Korea and Cuzco USA.

## PRAYER FOR RELIEF

WHEREFORE, Tera hereby prays for judgment in its favor as follows:

A.     For an order and judgment awarding damages in such amounts as may be proven at trial;

B.     For an order and judgment awarding Tera its attorneys' fees and costs;

C.     For an order piercing the corporate veil and disregarding the legal fiction of the separate existence of Cuzco Korea and Cuzco USA;

D.      For such other and further relief as this Court

deems just and equitable.

DATED:  Honolulu, Hawai`i, May 15, 2018.


                              /s/ David A. Nakashima
                              DAVID A. NAKASHIMA
                              RYAN B. KASTEN
                              Attorneys for Plaintiff
                              TERA RESOURCE CO., LTD.