

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-00636 |
| | Chapter 11 |
| CUZCO DEVELOPMENT U.S.A., LLC, | |
| Debtor. | |
| | |
| TERA RESOURCE CO., LTD., etc. | Adv. Pro. No. 17-90009 |
| Plaintiff, | |
| vs. | |
| DONG WOO LEE, et al., | |
| Defendants. | Related Dkt. No. 100 |

# MEMORANDUM OF DECISION ON
## MOTION TO DISMISS THIRD AMENDED COMPLAINT

Defendants Dong Woo Lee, Cuzco Development U.S.A., LLC ("Cuzco USA"),

Newco, LLC ("Newco"), and Cuzco Development Korea, Inc. ("Cuzco Korea")

moved to dismiss the Third Amended Verified Complaint filed on May 15, 2018, by

plaintiff Tera Resource Co., Ltd. ("Tera").[1] A hearing was held on June 29, 2018. Appearances were made by Chuck C. Choi, Esq., for Cuzco USA; John Rhee, Esq., for Dong Woo Lee, Cuzco USA, and Newco; and David Nakashima, Esq., for Tera. The matter was taken under advisement pending additional briefing.

I will grant dismissal as to counts IV and VII but will deny the rest of the motion.

## I.     FACTS

Cuzco USA is the debtor in the main chapter 11 proceeding. It is a Hawaii limited liability company that owns real property on Keeaumoku Street in Honolulu (the "Keeaumoku Property"). Cuzco Korea is a Korean corporation that is the sole member of Cuzco USA. Defendant Dong Woo Lee claims to be the manager of Cuzco USA and the representative director of Cuzco Korea. Defendant Soo Kyung Yang is a shareholder and creditor of Cuzco Korea and an ally of Mr. Lee.

Cuzco USA proposed, and the court confirmed, a Third Amended Plan of Reorganization. Briefly summarized, the Third Amended Plan provided that Cuzco USA would transfer the Keeaumoku Property to defendant Newco, a Hawaii limited liability company of which Mr. Lee was to be the sole member, that Newco would attempt to raise enough money through a refinancing to repay all of Cuzco USA's creditors in full, and that if the refinancing did not occur by a date certain, Newco

---

[1] Dkt. 62.

2

would sell the Keeaumoku Property at auction and distribute the proceeds to Cuzco USA's creditors.

Tera and others filed timely motions for reconsideration of the order confirming the Third Amended Plan. Tera is a shareholder of Cuzco Korea. It also holds a judgment, entered by a Korean court, against Ms. Yang, and orders from a Korean court that, according to Tera, resulted in the seizure of Ms. Yang's interests in and claims against Cuzco Korea. Tera argued (among other things) that the Third Amended Plan was the product of a fraudulent scheme by Mr. Lee, Ms. Yang, and others to divert the equity in Cuzco USA from Cuzco Korea to themselves and to render Tera's interests in Cuzco Korea worthless.

While the motions for reconsideration were pending, Cuzco USA moved to replace the Third Amended Plan with a Fourth Amended Plan. Briefly summarized, the Fourth Amended Plan eliminated the transfer of the Keeaumoku Property to Newco; instead, Cuzco USA would retain the property, either refinance it or sell it at auction, and pay its creditors. Tera and others vigorously objected to plan confirmation on multiple grounds, including those stated in the motion for reconsideration. The court confirmed the Fourth Amended Plan. Cuzco USA carried out the plan, obtained the refinancing, and paid all creditors with allowed claims. (Litigation over disputed claims is ongoing.)

In the meantime, Tera filed the complaint, the third amended version of which

is before me now.[2] Tera asserts claims directly, derivatively on behalf of Cuzco Korea, and "double-derivatively" on behalf of Cuzco USA. Very briefly summarized, Tera alleges that the defendants made fraudulent misrepresentations to Tera about their intentions in Cuzco USA's bankruptcy case (count I), that the defendants conspired to divest Cuzco Korea of its claims against and interests in Cuzco USA (count II); that Mr. Lee, Ms. Yang, and Cuzco USA breached fiduciary duties they owed to Cuzco Korea and Cuzco USA (count III), that the defendants engaged in actions to convert the Keeaumoku Property and other assets of Cuzco USA (count IV), that the defendants are liable for unjust enrichment (count V), that Tera is entitled to recover its attorneys' fees and costs (count VI), and that the corporate veil between Cuzco USA and Cuzco Korea should be pierced (count VII).

All defendants (other than Ms. Yang, who has not been served) moved the court to dismiss the complaint.

## II.  LEGAL STANDARD

The moving defendants argue that the court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6), which apply to this adversary proceeding by virtue of Fed. R. Bankr. P. 7012.[3]

---

[2] Dkt. 94.

[3] The motion does not challenge the bankruptcy court's personal jurisdiction, the sufficiency of service or process, or venue. Therefore, the moving defendants have waived these defenses. Fed. R.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] A formulaic recitation of the elements of a cause of action does not suffice.[5] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] Plausibility is more than "sheer possibility."[7] Furthermore, when ruling on a motion to dismiss, the court "must accept as true all the factual allegations contained in the complaint."[8]

The motion to dismiss relies on an attached exhibit, which is a copy of a decision of the South Korean Supreme Court (in Korean and in an English translation). "In ruling on a 12(b)(6) motion, a court may generally consider only the allegations contained in the pleadings, exhibits attached to the complaint, and matters

---

Civ. P. 12(h)(1), made applicable by Fed. R. Bankr. P. 7012.

[4] *Compton v Countrywide Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014) (internal quote marks omitted).

[5] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted).

[7] *Id.*

[8] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), citing *Twombly*, 550 U.S. at 555-556.

5

properly subject to judicial notice."[9]  If outside matters are presented to the court on a rule 12(b)(6) motion, and the court does not exclude them, the court must treat the motion to dismiss as a motion for summary judgment,[10] unless the court does not rely on the outside matters in reaching its conclusion, or if documents were purposely omitted to prevent a plaintiff from overcoming a rule 12(b)(6) motion and the authenticity of the documents has not been controverted.[11] Although I might be able to take judicial notice of the Korean court's decision, I can and will dispose of the motion without relying on the exhibit.

## III.    DISCUSSION

The motion argues that the bankruptcy court lacks subject matter jurisdiction, that the court must or should abstain if it has jurisdiction, and that the complaint fails to state any plausible claims.

### A.    Subject Matter Jurisdiction

The federal district courts have "original and exclusive jurisdiction" over all title

---

[9]  *Bates v. Bankers Life and Cas. Co.*, 993 F.Supp.2d 1318, 1327-28 (D. Or. 2014) citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[10] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Bankr. P. 7012(d).

[11]  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997).

6

11 cases (i.e., the bankruptcy case itself) and "original but not exclusive jurisdiction" over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[12] The district court may refer to the bankruptcy court some or all of the matters covered by the grant of bankruptcy jurisdiction.[13] The district court for this district has referred all such matters to the bankruptcy court.[14]

The phrases "arising under title 11" and "arising in a case under title 11" are terms of art. A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11. In contrast, "arising in" jurisdiction applies to a proceeding where the claims are not explicitly created or controlled by title 11, but would have no existence outside of a bankruptcy case.[15]

The remaining category of bankruptcy jurisdiction, "related to" jurisdiction, is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case.[16]

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the*

---

[12] 28 U.S.C. § 1334(a), (b).

[13] 28 U.S.C. § 157.

[14] LR 1070.1(a).

[15] *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013) (citation omitted).

[16] *Id.* at 1287 (citation omitted).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed  08/27/18   Page 7 of 24

*proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[17]

Confirmation of a plan narrows the bankruptcy court's jurisdiction over "related to" proceedings. After a plan is confirmed, the bankruptcy court has jurisdiction only over those "related to" proceedings that have a "close nexus to the bankruptcy plan or proceeding . . . ."[18] Claims affecting "the interpretation, implementation, comsummation, execution, or administration of the confirmed plan will typically have the requisite close nexus."[19]

In this case, the bankruptcy court has subject matter jurisdiction to adjudicate Tera's direct and derivative claims against Cuzco USA. First, all of those claims arise out of the conduct of Cuzco USA, its manager, Mr. Lee, and others, after or in preparation for the filing of the bankruptcy case. All of those claims, if proven, could

---

[17] *Pacor, Inc. v. Higgins* (*In re Pacor*), 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original). The Ninth Circuit adopted the *Pacor* test in *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988).

[18] *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting *Griffin Resorts, Inc., v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004)). Tera argues that the "close nexus" test does not apply to this adversary proceeding, because Tera commenced it before the plan was confirmed and a court's jurisdiction is fixed when the case is filed. I need not address this argument because, as I explain in the text, the close nexus test is satisfied.

[19] *Id.*

8

amount to administrative claims. The allowance of administrative claims is governed by section 503 of the Bankruptcy Code; thus, that issue "arises under" the Bankruptcy Code. Second, even if one disregards the fact that these claims could amount to administrative expenses, they all turn on the conduct of Cuzco USA and its manager, during the bankruptcy case, in the course of administering the estate's assets. Thus, the claims "arose in" Cuzco USA's chapter 11 case.[20] Third, even if the claims did not "arise under" the Bankruptcy Code or "arise in" Cuzco USA's bankruptcy case, they are closely related to that case. If Tera prevails and establishes that it holds administrative claims, those claims must, under the confirmed plan, be paid in full. Thus, Tera's claims against Cuzco USA relate to "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."[21] This meets the close nexus test.

---

[20] *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737-38 (9th Cir. 2009), *cert. denied*, 560 U.S. 966 (2010) (bankruptcy court had "arising in" jurisdiction to adjudicate common law claims alleging that the bankruptcy trustee breached a postpetition settlement agreement); *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1438 (9th Cir. 1995), *cert. denied*, 515 U.S. 1131 (1995) (claims by purchaser of estate property against trustee and his agents were inextricably intertwined with the trustee's sale of the property and are "core proceedings" subject to federal jurisdiction); *Mangun v. Bartlett (In re Balboa Improvements, Ltd.)*, 99 B.R. 966 (B.A.P., 9th Cir. 1989) (bankruptcy court has subject matter jurisdiction over claims against debtor's counsel for alleged misconduct in the administration of the case).

[21] *See, e.g., Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009) (bankruptcy court had post-confirmation jurisdiction to clarify the effect of an injunction included in the plan confirmation order); *Wilshire Courtyard v. California Franchise Tax Board (In re Wilshire Courtyard)*, 729 F.3d 1279 (9th Cir. 2013) (bankruptcy court had post-confirmation jurisdiction to interpret a confirmed plan and determine its tax consequences for debtor's general partners).

For the same reasons, the claims that Tera purports to assert on a derivative basis, on behalf of Cuzco USA, against Mr. Lee and others, are also at least "related to" the Cuzco USA bankruptcy proceeding. Tera is attempting to assert claims that belong to Cuzco USA but which Cuzco USA has declined to prosecute. Those claims were property of Cuzco USA's bankruptcy estate, and the confirmed plan provides that they have revested in Cuzco USA. Thus, Tera's assertion of derivative claims on behalf of Cuzco USA have the requisite "close nexus" to the confirmed plan.

Subject matter jurisdiction over some of Tera's other claims is less clear. For example, count III of the third amended complaint alleges that Ms. Yang owed fiduciary duties to Tera because she is a majority shareholder and Tera is a minority shareholder of Cuzco Korea. It is hard to see how those claims, standing alone, could have any effect on the confirmed plan. But if some claims in a proceeding satisfy the "close nexus" test and other do not, the bankruptcy court may exercise supplemental jurisdiction over the other claims, so long as all claims involve a "'common nucleus of operative facts' and would ordinarily be expected to be resolved in one judicial proceeding . . . ."[22] All of Tera's claims against all of the defendants arise out of the same set of transactions, acts, and omissions. Separating those claims into two proceedings, perhaps before the courts of two different countries (the United States

_____

[22] *In re Pegasus Gold Corp.*, 394 F.3d at 1195, quoting *United Mine Workers v. Gibbs*, 393 U.S. 715, 725 (1966).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed  08/27/18   Page 10 of 24

and South Korea), would be wasteful and would create a risk of inconsistent outcomes. One would ordinarily expect that all of the claims would be adjudicated in a single case. Therefore, supplemental jurisdiction applies.

The moving defendants' request that I dismiss the complaint for lack of subject matter jurisdiction is DENIED.

## B. Abstention

### 1. Mandatory Abstention

The moving defendants argue that the requirements for mandatory abstention are met. I disagree.

28 U.S.C. § 1334(c)(2) states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[23]

Thus, the court must abstain if all of the following seven elements are met:

(1) A timely motion; (2) a purely state law question; (3) a noncore proceeding[,] § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a

---

[23] 28 U.S.C. § 1334(c)(2).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed  08/27/18   Page 11 of 24

state forum of appropriate jurisdiction exists.[24]

Some of the seven factors are not met in this case.

First, for the reasons stated above, some of the most important claims in this adversary proceeding "arise under" the Bankruptcy Code or "arose in" Cuzco USA's chapter 11 case. Therefore, the third factor is not met.

Second, there may be an independent basis for federal jurisdiction. The complaint does not explicitly allege the citizenship of the parties, but it is at least possible that the requirements for diversity jurisdiction are met.[25]

Third, the Ninth Circuit has held that "[a]bstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."[26] The possibility that someone could bring such a proceeding in the future, after the federal court abstains, is insufficient. Although the parties have engaged in litigation in many courts, the moving defendants have identified no pending case in any other court in which anyone has asserted these claims.

---

[24] *Krasnoff v. Marshack (In re Gen. Carriers Corp.)*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001), quoting *World Solar Corp. v. Steinbaum (In re World Solar Corp.)*, 81 B.R. 603, 606 (Bankr. S. D. Cal. 1988).

[25] 28 U.S.C. § 1332(a), (b).

[26] *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed  08/27/18   Page 12 of 24

Fourth, the moving defendants argue that many, if not all, of the claims in this case belong in the court of South Korea. It is unclear, however, whether a foreign court is a "State forum of appropriate jurisdiction" within the meaning of section 1367.[27]

Because at least one of the seven requirements for mandatory abstention is not met, this adversary proceeding does not qualify for mandatory abstention and the defendants' request is DENIED.

## 2. Discretionary Abstention

28 U.S.C. § 1334(c)(1) provides for discretionary abstention:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[28]

According to the Ninth Circuit, a court should consider twelve factors in determining whether discretionary abstention is appropriate:

(1) the effect or lack thereof on the efficient administration of the estate

---

[27] At oral argument, counsel for the moving defendants cited *In re CPW Acquistion Corp.*, 2011 WL 830556 (Bankr. S.D.N.Y. March 3, 2011), which holds that the existence of a proceeding in a foreign court is relevant for purposes of discretionary abstention. For purposes of mandatory abstention, however, the question is whether the statutory phrase "State forum of appropriate jurisdiction" includes a foreign court proceeding. I do not think that the plain statutory language can be stretched that far.

[28] 28 U.S.C. § 1334(c)(1).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed 08/27/18   Page 13 of 24

if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.[29]

The court must weigh each of these factors with the others. Unlike mandatory abstention, a court can apply discretionary abstention even if fewer than all of the factors weigh in favor of abstention.[30] In this case, the factors (taken together) weigh against abstention.

### a. Factor 1- Effect on Administration of the Estate

Abstention could delay the determination of Tera's administrative claims and the ultimate conclusion of Cuzco USA's chapter 11 case. Thus, this factor weighs against abstention.

---

[29] *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B. R. 422, 429 (Bankr. S. D. Tex. 1987)).

[30] *See, e. g., id.*

14

### b. Factor 2- State Law Issues Predominate Over Bankruptcy Issues

There are more issues of non-bankruptcy law than there are of bankruptcy law in this adversary proceeding. This factor weighs in favor of abstention.

### c. Factor 3- Difficulty or Unsettled Nature of Applicable Law

So far as I can tell at this stage of the proceeding, the applicable law is not over-complicated or novel. Thus, this factor weighs against abstention.

### d. Factor 4- Presence of a Related Proceeding in State Court

Although Tera has litigated against some or all of the defendants in multiple cases in South Korea, there is apparently no proceeding in any other court in which the claims in this adversary proceeding have been asserted. Thus, this factor weighs against abstention.

### e. Factor 5- Jurisdictional Basis Other than 28 U.S.C. § 1334

As noted above, there is a possibility that the federal district court would have "diversity" jurisdiction of this case. Accordingly, this factor weighs slightly against abstention.

### f. Factor 6- Degree of Relatedness or Remoteness to Bankruptcy Case

Tera's direct and derivative claims against Cuzco USA, and its piercing the corporate veil claim, are closely related to Cuzco USA's bankruptcy case. Tera's claims against the other defendants are less closely related, but the claims against Cuzco USA

15

predominate. This factor weighs against abstention.

### g. Factor 7- Substance Rather than Form of "Core" Proceeding

This factor requires me to consider whether this proceeding is core or noncore in whole or in part.[31]

Core proceedings consist of all actions "arising under" title 11 and also those "arising in" a case under title 11.[32] "[A] core proceeding is one that 'invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'"[33] 28 U.S.C. § 157(b)(2) contains a non-exhaustive list of core bankruptcy proceedings. Proceedings that are not core proceedings but are related to a bankruptcy case are called "noncore" proceedings.[34] Proceedings are "related to" a bankruptcy case and thus "noncore" if "they do not depend on the Bankruptcy Code for their existence and they could proceed in another court."[35]

As I explain above, Tera's direct and derivative claims against Cuzco USA and

---

[31] *Eastport Assoc. v. City of Los Angeles (In re Eastport Assoc.)*, 935 F.2d 1071, 1076 (9th Cir. 1991).

[32] *Marshall v. Stern (In re Marshall),* 600 F.3d 1037, 1053 (9th Cir. 2010).

[33] *Battle Ground Plaza, LLC, v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010) (quoting *Gruntz v. Cty. of L.A. (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000)).

[34] 28 U.S.C. § 157(c).

[35] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004)).

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed 08/27/18   Page 16 of 24

Mr. Lee "arise in" Cuzco USA's bankruptcy case. Therefore, those claims are core proceedings. The remaining claims are non-core, but the close relationship between the core and non-core claims means that this factor weighs against abstention.

### h. Factor 8- Feasibility of Severing State Law Claims from Core Bankruptcy Matters

Because all of Tera's claims turn on the same nucleus of operative fact, severance is infeasible. Therefore, the eighth factor weighs against abstention.

### i. Factor 9- Burden of Bankruptcy Court's Docket

This case has been, and likely will continue to be, heavily litigated, but the bankruptcy court's overall caseload is not unduly burdensome at this time. This factor weighs against abstention.

### j. Factor 10- Likelihood that Commencement in Bankruptcy Court Involves Forum Shopping

There is no reason to believe that Tera is engaged in forum shopping. At bottom, Tera is challenging the defendants' conduct in the bankruptcy case. The bankruptcy court is an appropriate forum for such challenges. This factor weighs heavily against abstention.

### k. Factor 11- Existence of a Right to a Jury Trial

It is hard to evaluate the jury trial issue at this juncture. Tera's second amended complaint contained a potentially ineffective reservation of the right to a jury trial, rather than an explicit demand for a jury trial. The third amended complaint says nothing about a jury trial. In any event, Tera has probably waived its right to a jury trial by submitting its claims to the equitable processes of the bankruptcy court. The defendants have not filed answers so the time for them to demand a jury trial has not arrived. At this point, this factor is in equipoise.

### l. Factor 12- Presence of Nondebtor Parties

All but one of the parties to this adversary proceeding are nondebtors but all of the defendants have close ties to the debtor. This factor weighs slightly against abstention.  Only one of the two plaintiffs, and none of the defendants, is in bankruptcy.

\* \* \*

Under the *Tucson Estates* analysis, the facts of this case weigh against the exercise of discretionary abstention under 28 U.S.C. § 1334(c)(1). Therefore, the request for discretionary abstention is DENIED.

### C.    Failure to State Claims

The moving defendants argue that Tera's complaint fails to state claims and

18

must be dismissed under rule 12(b)(6). For the most part, I disagree.

### 1. Discharge

The moving defendants correctly point out that the confirmed plan and the confirmation order discharge Cuzco USA from liability on preconfirmation debts. But the plan also provides that Cuzco USA will pay all of the administrative expenses in full, and if Tera is successful, its direct and derivative claims against Cuzco USA would be administrative expenses. The discharge provisions of the plan do not trump the plan provision for full payment of administrative expenses. Therefore, Tera's claims against Cuzco USA alleged in the third amended complaint were not discharged.

### 2. Preclusion

The moving defendants point out that, when I confirmed the fourth amended plan, I found (in a nutshell) that the plan was properly proposed. They argue that preclusion doctrines bar Tera's claims. This argument misses the point that Tera's complaint revolves around the superseded <u>third</u> amended plan. It is true that there is also an order confirming the third amended plan, but the debtor effectively withdrew that plan in the face of Tera's motion for reconsideration. Therefore, the order confirming the third amended plan has no preclusive effect.

### 3. Fraudulent Misrepresentation

The moving defendants argue that count I, fraudulent misrepresentation, is

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed  08/27/18   Page 19 of 24

insufficiently alleged for three reasons.

First, they claim that the court has found "that the conduct of the Debtor and Mr. Lee *throughout the Debtor's bankruptcy case* was not fraudulent."[36] The portion of this statement that I have italicized is false. The court found that the fourth amended plan was properly proposed, but has not found that all of the plan proponents' conduct throughout the entire case was proper.

Second, they claim that "the facts pled in the Complaint and Tera's actions in the bankruptcy case and this adversary proceeding clearly show that [Tera] did not rely on any of the misrepresentations alleged in the Complaint."[37] But paragraph 114 expressly alleges reliance. The moving defendants seem to contend that these explicit allegations are undercut by other allegations of the complaint. However, I must accept the allegations of the complaint as true and the moving defendants offer no authority for the proposition that, when considering a motion to dismiss, a court may disregard or devalue express allegations on the grounds that they are inconsistent with other allegations of the complaint.[38]

---

[36] Dkt. 100 at 39.

[37] *Id.* at 39-40.

[38] The moving defendants cite *Giuliani v. Chuck*, 1 Haw. App. 379, 386 (App. 1980). But in that case, the complaint (which the court quoted in full in its opinion) contained no express allegation of reliance.

U.S. Bankruptcy Court - Hawaii   #17-90009   Dkt # 123   Filed  08/27/18   Page 20 of 24

Third, they argue that the discharge injunction protects them. For the reasons stated above, they are incorrect and dismissal of count I is DENIED.

4.    Conspiracy

The moving defendants argue that count II, conspiracy, must fail because its predicate, count I, should be dismissed. Since I have previously ruled that count I is adequately alleged, count II also survives this motion. Therefore, the defendants motion to dismiss count II is DENIED.

5.    Breach of Fiduciary Duty

The moving defendants argue that count III, breach of fiduciary duty, must be dismissed because only a member of a limited liability company may bring such a claim under Hawaii law. The moving defendants ignore the fact that Tera asserts such claims derivatively on behalf of Cuzco USA's sole member, Cuzco Korea. The statute does not seem to preclude such a "double-derivative" claim.

At the oral argument, I raised the question whether a subsidiary such as Cuzco USA owes a fiduciary duty to its sole member such as Cuzco Korea. I am satisfied with Tera's response that, as a matter of bankruptcy law, a debtor in possession (such as Cuzco USA) owes fiduciary duties to its creditors and its equity holders. Further proceedings will be required to flesh out the scope of that duty, but for now the complaint is sufficient.  The defendants request to dismiss count III is DENIED.

### 6. Conversion

The moving defendants argue that count IV, conversion, is insufficiently alleged, because none of the moving defendants exercised wrongful dominion over any property belonging to Tera. Tera failed to address this argument in its memorandum in opposition to the motion. At oral argument, Tera's counsel confirmed that the property in question is the Keeaumoku Property. But the Keeaumoku Property has never left Cuzco USA's hands. The third amended plan provided that the property would pass to Newco, but that plan was never consummated. Instead, it was replaced by the fourth amended plan, under which the property remained with Cuzco USA. Because no property was ever actually converted, the defendants request to dismiss count IV is GRANTED.

### 7. Unjust Enrichment

The moving defendants argue that count V, unjust enrichment, must fail because "Tera has not alleged that it conferred any benefit upon the Defendants."[39] It is true that the Hawaii Supreme Court has stated that "the elements of [plaintiff's] unjust enrichment claim are (1) that [plaintiff] 'confer[red] a benefit upon' [defendant] by "add[ing] to [[{defendant's}] security or advantage" and (2) that the

---

[39] Dkt. 100 at 44.

"retention [of that benefit by {defendant} was] unjust."[40] But the doctrine of restitution has broader application:

> Liability in restitution derives from the receipt of a benefit whose retention without payment would result in the unjust enrichment of the defendant at the expense of the claimant. While the paradigm case of unjust enrichment is one in which the benefit on one side of the transaction corresponds to an observable loss on the other, the consecrated formula "at the expense of another" can also mean "in violation of the other's legally protected rights," without the need to show that the claimant has suffered a loss.[41]

It is a basic rule of restitution that "[a] person is not permitted to profit by his own wrong."[42] Based on an unjust enrichment claim, "a claimant potentially recovers more than a provable loss so that the defendant may be stripped of a wrongful gain."[43]

Therefore, the request to dismiss count V is DENIED.

### 8.    Attorneys' Fees

The moving parties contend that count VI, attorneys' fees, must be dismissed because attorneys' fees are only recoverable by a prevailing party and, according to the moving defendants, the complaint must be dismissed in its entirety. Because most of the complaint will survive this motion, the attorneys' fees claim should also survive

---

[40] *Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 504 (2004).

[41] Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. a (2011).

[42] *Id.* § 3.

[43] *Id.* § 3 cmt. a.

23

and the request to dismiss is DENIED.

### 9. Piercing the Corporate Veil

The moving defendants argue that count VII, piercing the corporate veil between Cuzco USA and Cuzco Korea, must be dismissed. I agree with the conclusion, but not the reasoning. In my view, collapsing the two companies into a single entity, or holding Cuzco USA liable for some or all of the debts of Cuzco Korea, would fatally undercut the confirmed plan, because the plan treats Cuzco USA and Cuzco Korea as separate entities. Therefore, the request to dismiss count VII is GRANTED.


### END OF MEMORANDUM OF DECISION